## KECK v. AMERICAN TELEPHONE AND TELEGRAPH CO.

(Filed November 18, 1902.)

NEGLIGENCE—*Evidence* —*Sufficiency* —*Personal Injuries* —*Telephones and Telegraphs.*

Where a person is injured while unloading telephone poles from a car, and there is evidence that the method of unloading was the usual one, and it does not appear that there is any lack of hands or that the poles are loaded in an unusual way, a nonsuit is properly granted.

ACTION by J. G. Keck against the American Telephone and Telegraph Company, and the Atlantic and Yadkin Railway Company, heard by Judge *Walter H. Neal* and a jury, at February Term, 1902, of the Superior Court of GUILFORD County. From a judgment for the plaintiff against the American Telephone and Telegraph Company, it appealed.

*Jas. A. Barringer,* for the plaintiff.
*A. B. Andrews, Jr.,* for the defendant.

MONTGOMERY, J.   A judgment upon the verdict was entered in favor of the defendant the Atlantic and Yadkin Railway Company, and the jury having found the issues in favor of the plaintiff against the other defendant, the American Telephone and Telegraph Company, judgment was rendered against that company for the amount of the recovery.

The circumstances connected with the incident or transaction connected with which the negligence of the defendant, the telephone company, was imputed, were substantially these: The defendant railroad company brought on their cars a lot of telephone poles from Wilmington to a point a little north of Greensboro, shipped to the defendant telephone company. N. O. Wood, alleged by the plaintiff to have been the superintendent of the defendant telephone company (which was

denied by the defendant), employed the plaintiff to assist in the unloading of the cars. The plan adopted for unloading was to cut the standards on one side of the cars about half way through, and then to send hands on top of the poles and cut the wires which ran across the top of the poles, and fastened together the standards on both sides of the cars. Usually in unloading in that way, when the wires were cut, the poles would give way and easily roll off on that side where the standards were cut. When the plaintiff, however, had cut the last wire and had gotten back on the other side of the car, the standards on the opposite sides of those that had not been cut, as well as those that had been cut, gave way, and the plaintiff, together with the poles, rolled off and was hurt. A witness, Goodman, testified that he had had experience in unloading poles; that he was employed at the same time, and that Keck stood where it was usual to stand. He said further that the poles were loaded in the usual way; "no usual way to unload them; you can unload them any way; you can either derrick them or unload them with skids; * * * both Mr. Wood and myself instructed Keck how to cut the wires." John Rives testified that "he and Keck cut wires on the top of the standards; * * * that was the usual way of unloading poles; there might have been a little curve; the side we fixed for them was a little higher than the other." There was no evidence that there was any lack of hands to properly unload the cars, nor was there any evidence tending to show that the standards were inferior or unsound, or were too small in size. Everything, apparently, was in proper condition, and no mishap or danger anticipated. It seems to have been an accident—"an event from an unknown cause," and the defendant's motion for judgment of nonsuit against the plaintiff ought to have been granted.

Ordinarily we would consider the matters concerning the other defence set up by the defendant, viz., that the telephone

line of the defendant was being constructed by an independent contractor at the time of the accident. But as it appeared in evidence that there was a contract in writing between the defendant telephone company and the Southern Bell Telephone Company concerning the construction of the line in the possession of the defendant, though not before the Court, it will be better to await the production of that paper, in case there is another trial and that defence is relied on.

The contents of that contract were not allowed by his Honor to be given in evidence, but there was evidence to the effect that Wood was in the employment of the Southern Bell Telephone Company at the time of the accident, and that that company was doing the work. In what capacity it was doing the work, whether as agent or as an independent contractor, must be determined by the written contract.

New trial in behalf of the defendant, the American Telephone and Telegraph Company, for the error pointed out.

New Trial.