## JESSE SIMPSON v. SOUTHERN RAILWAY COMPANY.

(Filed 14 December, 1910.)

**Master and Servant—Duty to Instruct—Safe Place to Work—Negligence—Accident.**

In an action for damages for injury to plaintiff's foot caused by the falling of a cross-tie upon it while he was at work with two other hands on a car leveling ties, it appeared that the ties had been placed on the car at either end, leaving a space in the middle of the car, where plaintiff was at work, the others working on either side of one of the piles. The hands were left to do the work in their own way, without any special instruction as to the manner of doing it. While they were moving the ties one or two of them fell from a pile, causing the injury: *Held*, (1) the work was simple, requiring no more than ordinary skill and experience, and no instruction as to it was required; (2) the doctrine that it is the master's duty to provide the servant a safe place to work is inapplicable to the facts; (3) the injury was the result of an accident, and the plaintiff cannot recover.

APPEAL by defendant from *Webb, J.,* at August Term, 1910, of RUTHERFORD.

The facts are sufficiently stated in the opinion of *Mr. Justice Walker.*

*No counsel for plaintiff.*
*Solomon Gallert and W. B. Rodman for defendant.*

WALKER, J. This action was brought to recover damages for an injury to the plaintiff, alleged to have been caused by the defendant's negligence. Plaintiff and two other employees had been engaged in loading a flat car, which was attached to a "material or work train," with ties taken from an abandoned section of the defendant's road. The ties were piled at each end of the car and toward the middle, where a vacant space was left. The train was moved out and onto the main track, where the hands were ordered to level the ties by placing some of them in the middle of the car. The plaintiff and the two other hands who assisted him got upon the car, the plaintiff standing between the two piles of ties and the others on either side of one of the piles. While they were moving the ties one or two of them fell

from the pile and injured the plaintiff's foot. It does not appear with any degree of certainty what caused the ties to fall, unless it was insufficient support or accidental jostling. If they had been carelessly placed upon the car, the plaintiff was as much responsible for their condition as the other hands; but the evidence does not justify the imputation of negligence to any of them in the manner of doing the work. For all that does appear, it was just one of those accidents which sometimes occur without our being able to ascribe it to any particular cause. It would seem to come within the definition of an accident, which is "an event resulting from an unknown cause, or an unusual and unexpected event from a known cause; chance; casualty" (*Crutchfield v. R. R.,* 76 N. C., 322), and, as we said in *Martin v. Mfg. Co.,* 128 N. C., 264, when an injury results from an event taking place without one's foresight or expectation, or an event which proceeds from an unknown cause, or is an unusual effect of a known cause, and therefore not anticipated, the consequences must be borne by the unfortunate sufferer, who is without legal remedy in such a case.

Our reading and study of the evidence, as set forth in the record, does not disclose any act of negligence on the part of the defendant. If there was any negligence at all, it could better be imputed to the plaintiff in taking his position on the car between the two piles of cross-ties, if it was a dangerous one, than to any one else. The hands did the work assigned to them in their own way and without any special instruction as to the manner of doing it, and there is nothing to indicate that it was of such a character as to be inherently dangerous or likely to result in injury to any one, if carefully done. There was nothing in its nature which called for anything more than ordinary skill or even any experience in work of a like kind. The plaintiff required no instruction as to the proper method of doing so simple a piece of work. That degree of care which every man of reasonable prudence exercises in the ordinary affairs of life would have been a sufficient safeguard against injury. The recent decision of this Court (at this term) in *Warwick v. Oil and Ginning Co.,* 153 N. C., 262, states the rule

of law applicable to the facts of this case. We there held that an employer's duty to provide for his employee a reasonably safe place to work does not extend to ordinary conditions arising during the progress of the work, where the employee, doing his work in his own way, can see and understand the dangers and avoid them by the exercise of reasonable care. In that case the plaintiff was feeding a conveyor with cotton seed. While standing on the pile of seed, which gradually poured into the conveyor, the seed slipped or gave way and his foot was caught in the machinery and injured. We held that a judgment of nonsuit should have been awarded, there being nothing in the construction of the machinery or in the nature of the work to show any negligence. See, also, *Brookshire v. Electric Co.,* 152 N. C., 669; *House v. R. R.,* 152 N. C., 397; *Keck v. Telephone Co.,* 131 N. C., 277; *Lassiter v. R. R.,* 150 N. C., 483; *Alexander v. Mfg. Co.,* 132 N. C., 428; *Dunn v. R. R.,* 151 N. C., 313.

The principle stated in *Covington v. Furniture Co.,* 138 N. C., 374, and quoted from Labatt on Master and Servant, 333, has some application to the facts of our case: "The general rule of law is that when the danger is obvious and is of such a nature that it can be appreciated and understood by the servant as well as by the master or by any one else, and when the servant has as good an opportunity as the master or any one else of seeing what the danger is, and is permitted to do his work in his own way and can avoid the danger by the exercise of reasonable care, the servant cannot recover against the master for the injuries received in consequence of the condition of things which constituted the danger. If the servant is injured, it is from his own want of care. . . . This rule is especially applicable when the danger does not arise from the defective condition of the permanent ways, works, or machinery of the master, but from the manner in which they are used, and when the existence of the danger could not well be anticipated, but must be ascertained by observation at the time." This rule was first stated in *Lothrop v. R. R.,* 150 Mass., 423, where many cases are cited.

A careful examination of the case leads us to the conclusion that if the injury to the plaintiff was caused by negligence, it was not that of the defendant, and the motion for a nonsuit should have been granted. The action should, therefore, be dismissed, and judgment to that effect will be entered in the court below.

Reversed.