G. T. WELLS v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 12 March, 1913.)

1. **Railroads—Master and Servant—Safe Place to Work—Colaborer —Negligence—Instructions.**

The plaintiff, a section hand, was injured while carrying a cross-tie over a ditch 3 or 4 feet deep, on the defendant railroad company's right of way, over which a single cross-tie had been placed as a bridge. There was evidence tending to show that two cross-ties should have been used for the purpose, and that stakes should have been driven into the ground at their ends to keep them steady; that the cross-tie over the ditch was "wobbly," and that another section hand and the plaintiff were carrying the

WELLS v. R. R.

cross-tie in question on their shoulders, and the former, in front, stepped off the improvised bridge in a negligent manner, causing the injury complained of: *Held*, (1) a motion for nonsuit was properly denied; (2) an instruction making defendant's negligence rest solely upon the steadiness of the bridge, or upon whether the colaborer did not negligently step therefrom, was properly refused.

2. **Railroads—Master and Servant—Fellow-servant Act—Respondeat Superior—Interpretation of Statutes.**

The charge of the court applying the doctrine of *respondeat superior*, under the fellow-servant act, where a section hand of a railroad was negligently injured while carrying a cross-tie with a fellow-servant, and under the direction of the section master, is approved under *Fitzgerald v. R. R.*, 141 N. C., 534.

3. **Master and Servant—Negligence—Accident.**

There being evidence of negligence on the part of the section master of a railroad company in not providing a proper method for the plaintiff, engaged, when injured, in carrying cross-ties across a ditch, and while under the direction of the section master, the principle announced in *Brookshire v. Electric Co.*, 152 N. C., 669, has no application, that the master will not be responsible for an accident which he could not have anticipated—a result from an unknown cause.

APPEAL by defendant from *Carter, J.*, at September Term, 1912, of PENDER.

*R. G. Grady and C. F. McCullen for plaintiff.*
*Davis & Davis, H. L. Stevens, and J. T. Bland for defendant.*

CLARK, C. J. The plaintiff, a section hand, under the orders of the section master, was carrying cross-ties across a ditch 3 or 4 feet deep and 6 or 7 feet wide, and loading them on a hand-car. The section master had caused one cross-tie to be laid across this ditch to be used as a bridge. There was evidence that one cross-tie was too narrow for safety; that it was not level, but wobbly, and was not kept in place by any stob, and that as the plaintiff went across, another employee carrying the front end of a tie on his shoulder and the plaintiff the rear end on his shoulder, the employee at the front end stepped off in a negligent manner, by which the plaintiff was jerked off the

161—24

bridge and fell to the ground, the cross-tie which he was carrying on this shoulder falling on his arm and breaking it.

The first assignment of error for failure to nonsuit need not be discussed. The second assignment of error is for refusal to charge that if the cross-tie on which plaintiff was passing "was firm and solid and did not reel or turn, then the defendant is not guilty of negligence, and the jury will answer the first issue 'No,' " was properly refused, for there was allegation and evidence of negligence both as to the width of the bridge and the conduct of the fellow-servant who was carrying the front end of the cross-tie.

The third and seventh assignments of error, that the court refused to charge that if the plaintiff was "injured by the reason of the long step of Brinkley or by slipping from the tie, the jury should answer the first issue "No," cannot be sustained, for if the conduct of Brinkley, who was carrying the front end of the tie, was negligent, the defendant was not excused; besides, there was allegation and proof tending to show further negligence in the narrowness of the bridge and from its unfixedness and from its wobbly condition.

The fourth assignment of error is because the court charged, "By virtue of this statute any negligence on the part of a fellow-servant of the plaintiff, on the part of A. P. Brinkley, or of the section boss, Captain Brinkley, which resulted proximately in the injury of the plaintiff, would be attributed or imputed to the defendant." The charge of the court was correct. Pell's Revisal, 2646; *Fitzgerald v. R. R.,* 141 N. C., 534; *Sigmon v. R. R.,* 135 N. C., 181.

The sixth assignment of error is to the following part of the charge: "It is the duty of the employee to observe, and he is chargeable with those conditions he could discover by the exercise of ordinary care, but he is not guilty of contributory negligence because he works in the presence of danger, unless it is so obvious that a man of ordinary prudence would have refused to do so." This charge is amply supported by the uniform decisions of this Court.

In this case, Brinkley, the fellow-servant, was carrying on his shoulder the front end of the tie, and there was evidence

which tended to show that by suddenly making a long step off the bridge and a little to one side, he jerked and overbalanced the plaintiff, who was carrying the rear end of the tie, and caused him to fall with the tie on his shoulder and break his arm. There was evidence also tending to show that the bridge was unsteady and also that it was too narrow, and if these caused or contributed to the injury, it was the negligence of the section master, who might have placed two ties across the ditch and have fastened them down so as to be safe.

The defendant relies upon *Simpson v. R. R.,* 154 N. C., 51, and *Brookshire v. Electric Co.,* 152 N. C., 670. But these cases are not analogous. In the former case the plaintiff was injured by a tie falling from a pile of ties on the car, and the Court said that in the absence of evidence that the ties were carelessly piled, it was bound to regard the injury as the result of an accident. In *Brookshire v. Electric Co.* the evidence failed to show any negligent act on the part of the company or of the fellow-servants who were engaged with the plaintiff in carrying a pole. In this case there was evidence of the negligent conduct of the fellow-servant in stepping off the bridge by a long stride and to one side instead of straight forward, and also of the section boss in not making the bridge wide enough for the occasion or sufficiently steady to be safe. The case was properly submitted to the jury under a charge, in which we find

No error.