CLARK, C. J., dissenting.
Civil action tried upon these issues:
1. Was the plaintiff injured by the negligence of the defendant company, as alleged in the complaint? Answer: "Yes."
2. Did the plaintiff, by his own negligence, contribute to his injury? Answer: "Yes."
3. What damages, if any, is the plaintiff entitled to recover? Answer: "$500."
In apt time the defendant moved to nonsuit, which motion was overruled. From the judgment rendered, the defendant appealed.
The plaintiff introduced evidence tending to prove that on 26 September, 1913, he had been in the employ of the railway company about nineteen months, doing work of the kind he was engaged in on that day; that he and four other men were engaged in the work of taking out old ties and putting in new ones under the rails on the trestle across Haw River; that the ties were about 11 feet long, and that they *Page 739 
were thrown down across both rails. There were two men on the scaffold on the west side of the rails and two men on the east side, and that plaintiff was in the center of the track. The tie was first pulled back west until the east end dropped down just inside the east rail. Then the plaintiff, putting his hands on the tie, the two men west joined together in pushing the tie east under the east rail until the western end of the tie would drop down just inside the western rail, when the tie would be pushed back west by the joint effort of the plaintiff and the two men to the east of the east rail until it was in position.
The plaintiff testified: "I have no explanation to make other than I had my hand on the tie to bear it down, and it went over and the end flew up and caught my hand."
On cross-examination he testified: That two men, named Mitchell and Watson, were on the west side of the track and that he was in the middle, and that all three caught hold of the tie and shoved it across, and that it went too far and caught his hand and mashed his fingers. He testified that he was shoving the tie, but that the real strength that pushed the time came from the men to the west.
We are of opinion that the injury received by the plaintiff was the result of an accident, pure and simple; it was an unusual effect of a known cause, and, therefore, not expected, and almost impossible to guard against. In work of that kind the amount of human strength expended in pushing the ties cannot be regulated with (648) mathematical accuracy. The work was simple and required no more than ordinary skill and experience. It is such an accident as might happen to one engaged in many different kinds of labor; it may happen to the farm laborer, to the house builder, as well as to the railroad employee.
This case is governed by the principles laid down in Brookshire v.Electric Co., 152 N.C. 669; Simpson v. R. R., 154 N.C. 51. It is very much like Lassiter v. R. R., 150 N.C. 483, in which the plaintiff in that case was injured while unloading rails from a flat car, caused by a rail bounding back in an unusual and unexplained way and striking him. As said by Mr. Justice Douglas in Bryan v. R. R., 128 N.C. 387: "The employer is not responsible for an accident simply because it happens, but only when he has contributed to it by some act or omission of duty."
We see nothing in this case upon which to base the charge of negligence.
The motion to nonsuit is allowed.
Reversed. *Page 740