L. W. BRADLEY v. CAROLINA COAL AND ICE COMPANY.

(Filed 24 May, 1915.)

**Master and Servant—Duty of Master—Safe Appliances—Defects—Evidence— Nonsuit.**

In an action to recover damages for a personal injury alleged to have been inflicted on an employee by the employer in his negligent failure to provide proper appliances, etc., it is necessary for the plaintiff to show the defective condition, that it was the proximate cause of the injury, and that the defendant knew thereof or should have discovered and repaired it in proper time; and the evidence in this case is held insufficient where the driver of a coal delivery wagon used a plank as a seat, upon failure of the employer to provide one; that owing to a defect the sides of the wagon spread apart and caused the injury complained of.

APPEAL by plaintiff from *Webb, J.,* at February Term, 1914, of BUNCOMBE.

Civil action. At the conclusion of the plaintiff's evidence the defendant moved for judgment as of nonsuit, which motion was allowed. The plaintiff excepted and appealed.

*Zeb. F. Curtis for plaintiff.*
*Alfred S. Barnard for defendant.*

PER CURIAM. The evidence is to the effect that the plaintiff, at the time of his injuries, was a driver of one of the coal wagons of the defendant, and was engaged in delivering coal about 4 miles from the plant of defendant. Defendant furnished plaintiff with a two-horse wagon and team of mules, but failed to provide him with a seat upon which to sit while in the discharge of his duties. Plaintiff selected a piece of timber from the yard of defendant with which to make a seat for the wagon furnished by defendant, and while driving along a rough street in the

city of Asheville, with a load of coal to be delivered at Grove Park Inn, a small piece of wire which was used for holding the "sideboards" of said wagon together, and upon which "sideboards" plaintiff had placed the piece of timber for a seat, suddenly broke, allowing his seat to fall by the spreading of "sideboards" and thereby throwing plaintiff against the ground, whereby he sustained injuries.

It is well settled by numerous decisions of this Court that where a servant seeks to recover damages because of defects in the instrumentalities furnished him by the master, he must allege and prove, first, that there was a defective condition; second, that the defective condition was the proximate cause of his injury, and, third, that the defendant knew of the defective condition or was guilty of negligence in not discovering and repairing the same. *Hudson v. R. R.*, 104 N. C., 491; *Shaw v. Mfg. Co.*, 143 N. C., 131. The evidence fails to prove these necessary facts.

There was no evidence that the defendant knew or should have anticipated this accident, or could have foreseen that the accident might occur, and before there would be a recovery on the part of the plaintiff it was necessary for him to show a breach of duty on the part of the defendant—some act or omission producing the breach culpable in itself and such as a reasonably careful man would foresee might be productive of injury; for one is not liable for an injury which he could not foresee. *Carter v. Lumber Co.*, 129 N. C., 203; *Raeford v. R. R.*, 130 N. C., 599.

As was said by this Court in *House v. R. R.*, 152 N. C., 397: "The rule requiring the employer of labor to provide for his employees a reasonably safe place to work and appliances reasonably safe and suitable for the work in which they are engaged obtains in case of machinery more or less complicated and more especially driven by mechanical power, and does not apply to ordinary conditions requiring no special care, preparation, or prevision, where the defects are readily observable and where there was no good reason to suppose that the injury complained of would result."

We think the words of *Mr. Justice Cook*, in *Martin v. Mfg. Co.*, 128 N. C., 264, are peculiarly applicable to the facts in this case: "Surely, it cannot be seriously contended that every employer is responsible for injuries occurring from improperly tempered axes, hoes, scythes, trace-chains, lap-links, bridle-bits, etc., the imperfection of which could not be known till used; or for defective whiffle-trees, axe-helves, hoe-helves, hand-spikes, plow-lines, and such like (the defects of which would be first discovered by the party using them), unless the employer is shown to have knowledge of such defects.

"If such be the rules of law, then the contentment of the farmer must give place to anxiety and dread lest injury, resulting to a servant from a splintered hoe-helve, a hand-spike, defective bridle-bit, whiffle-tree, or plow-line, *et id simile*, may at any time occur, and sweep from him his

farm and belongings in compensation of the damages done. To the same experience would the contractor expect to be subjected should a defective nail, while being driven by one of his carpenters, break and do injury. To which doctrine we cannot subscribe."

Affirmed.