### W. L. SMITH v. SOUTHERN RAILWAY COMPANY.

(Filed 24 November, 1915.)

**Master and Servant—Duty of Master—Safe Place to Work—Negligence—Trials—Evidence.**

In this action to recover damages for a personal injury, there was evidence tending to show that plaintiff, an employee of a railroad company, was engaged, under the order and direction of the defendant's foreman, in placing iron bars into a rack containing eight bins, one above the other, the topmost being 10 feet above the ground; that the plaintiff was required to shove the bars into the bin as they were handed to him by others, while standing on a plank, used as a scaffold, 12 feet long, 12 inches wide and 2 inches thick, one end resting 6 feet above the ground and the other on a pile of iron 2 or 2½ feet high; that while in this position the plank in some way broke or fell, causing the injury complained of: *Held,* evidence sufficient upon the issue of defendant's actionable negligence in failing to provide the plaintiff a reasonably safe place to do the work required of him.

APPEAL by defendant from *Webb, J.,* at September Term, 1915, of MECKLENBURG.

Civil action to recover damages for personal injuries caused by the alleged negligence of the defendant company.

On the ordinary issues, in demands of this character, as to negligence, contributory negligence and damages, there was verdict for plaintiff. Judgment on the verdict and defendant appealed, assigning for error chiefly the refusal of the court to enter judgment of nonsuit.

*E. R. Preston and Duckworth & Smith for plaintiff.*
*O. F. Mason, F. M. Shannonhouse and W. S. Beam for defendant.*

HOKE, J. There was evidence on the part of plaintiff tending to show that, on 19 August, 1913, plaintiff, with assistants, was engaged as em-

SMITH *v.* R. R.

ployee of defendant in unloading some bar iron from a car at Spencer, N. C., and placing same in a rack constructed for the purpose, the rack containing eight bins, one above the other, and the topmost being ten feet above the ground; that plaintiff's part of the work was to shove the bars of iron into the bins as the same were handed to him by the other hands, and, in putting the iron into the upper bins, the seventh or eighth, he had to stand on a scaffold or platform, consisting of one plank twelve feet long, twelve inches wide and two inches thick, and, to give it sufficient height for the upper bins, one end was rested on one of the bins six feet from the ground and the other on a pile of iron, about two or two and a half feet high, lying across a walk; that the plank had become very slick on the surface from frequent use and the ends were worn and very much beveled, and as plaintiff was standing on this plank holding onto the rack with his left hand and shoving a piece of iron into an upper bin with his right, the plank "gave way" in some way, either slipped or turned or broke, causing plaintiff to fall to the ground, rendering him unconscious for a time and inflicting painful injuries; that there were bucks there, something like a carpenter's horse, by which plank could have been securely held, but these were not used, the foreman or boss giving as his reason that, in order to use the bucks, the pile of iron across the walk which was in the way would have had to be removed; that the platform was made or the plank placed by direction of defendant's foreman or boss, who was present throughout, had charge of the work and the hands engaged therein, and directed plaintiff to get on the plank and do the work in the manner he was doing it.

Upon these, the facts making in favor of plaintiff's claim, defendant, giving full adherence to the principle that an employer of labor, in the exercise of reasonable care, is required to provide for his employees a safe place to work and to furnish him with tools and appliances safe and suitable for the work in which they are engaged, earnestly contends that this claim comes properly under a limitation upheld in several of our decisions, that this principle referred to does not usually prevail under "ordinary" conditions requiring no special care, preparation or prevision, where defects are readily observable, and when there was no good reason to suppose that any injury would result, and that, under a proper application of these decisions, the present occurrence should be considered an excusable accident. *Bunn v. R. R.,* 169 N. C., 648; *Simpson v. R. R.,* 154 N. C., 52; *House v. R. R.,* 156 N. C., 222; and *Brookshire v. Electric Co.,* 152 N. C., 669. But, in our opinion, defendant's position cannot be maintained, in view of the fact that the representative of the company, the foreman in charge and control, was present; that the platform was arranged and plaintiff put to work on it by his direction, and of the evidence tending to show that the plank prepared for the work was unfitted for its purpose and was insecurely placed. In

this aspect, the claim comes rather under *Pearson v. Clay Co.,* 162 N. C., 224; *Mincey v. R. R.,* 161 N. C., 467-471; *Reid v. Rees,* 155 N. C., 230; *Mercer v. R. R.,* 154 N. C., 399; *Cotton v. R. R.,* 149 N. C., 227; *Barkley v. Waste Co.,* 147 N. C., 585, and that class of cases in which the employer was fixed with responsibility by reason of having failed to provide for his employee a safe place in which to do his work.

There was no error in refusing to nonsuit plaintiff, and the judgment in his favor is affirmed.

No error.