ELIJA HICKMAN v. O. M. RUTLEDGE & CO.

(Filed 21 March, 1917.)

**Master and Servant—Negligence—Assumption of Risks—Evidence—Trials—Questions for Jury.**

> In an action for damages to an employee sustained while loading, in the course of his employment, logs upon a truck with skid poles, etc., the evidence tending to show that his superior officer was directing the work and did not furnish skid poles flattened at the end, and nail them down in the customary or usual manner, but furnished those which were round at the end, and not fastened, and the injury complained of resulted: *Held*, sufficient upon the issue of defendant's actionable negligence, and that the doctrine of assumption of risk is inapplicable, the injury having been caused by the defendant's own and independent negligence.

CIVIL ACTION, tried at November Term, 1916, of CRAVEN, before *Lyon, J.,* upon these issues:

1. Was plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: "Yes."

2. Did the plaintiff, by his own negligence, contribute to his injury? Answer: "No."

3. What damage is plaintiff entitled to recover? Answer: "$310.30."

From the judgment rendered, defendant appealed.

*D. L. Ward for plaintiff.*

*Rouse & Rouse, E. M. Land, William T. Joyner, R. H. Rouse for defendant.*

BROWN, J. The motion to nonsuit was properly overruled. The evidence, taken in its most favorable light for plaintiff, as is proper upon such motions, tends to establish these facts:

The plaintiff was employed by the defendant on 7 August, 1915, and was engaged in loading logs on a truck by means of two skid poles, one end of the log on the truck and the other end on the ground, with a chain around the log attached to the harness of a mule, which pulled the logs upon the truck while he and another man, one at each end of the log, were guiding the log up the skid poles, keeping it straight. When the log got halfway up the skid pole it became crooked, and, as was his duty, plaintiff was trying to keep the log straight, and while he was trying to do this, so it would run up the skid pole evenly, the skid pole rolled and caused the log to fall on his leg and break it. The skid poles were round and not flattened at the ends and were not secured to the truck by nails or spikes, as the evidence tends to prove was customary

in order to prevent them from slipping off the truck or rolling over. The superintendent, Mills, was standing by directing the work. The skid poles were furnished* and put in place by the foreman.

These facts tend strongly to prove negligence upon the part of defendant. The work was being done under the immediate supervision of the superintendent. It was his duty to see that the skid poles were securely fastened. Had the plaintiff undertaken to have prepared and fastened the poles himself, a different case would be presented. *Brown v. Foundry Co.,* 170 N. C., 38.

The rule which relieves an employer from liability for an injury resulting from the use of ordinary or simple tools has no application to the facts of this case. *Wright v. Thompson,* 171 N. C., 88. The method of loading the logs on the trucks by means of round poles not flattened or fastened at either end was not according to custom as well as the dictates of ordinary prudence.

The defendant requested the court to charge the jury that "If the jury believe all of the evidence they will find that the plaintiff assumed the risk of his employment, and particularly of the work in which he was engaged at the time of the accident, and they will answer the second issue "Yes."

This prayer could not have been properly given under the evidence in this case. The servant, as a rule, does not assume risks arising out of the master's own negligence. The superintendent, Mr. Mills, was standing in a few feet of the plaintiff, directing the work, and the foreman, Thomas Moore, was also present. The foreman brought the skids there and put them at the place for use by the employees.

The contention that plaintiff assumed the risk cannot be maintained in view of the fact that the superintendent and foreman were present, both supervising and directing the work.

In this respect the case is like *Smith v. R. R.,* 170 N. C., 185, where it is said: "But in our opinion defendant's position cannot be maintained in view of the fact that the representative of the company, the foreman in charge and control, was present; that the platform was arranged and plaintiff put to work on it by his direction, and of the evidence tending to show that the plank prepared for the work was unfitted for its purpose and was insecurely placed."

There are no assignments of error directed to the evidence, and the charge is a very clear and correct summing up of the evidence as well as a correct statement of the law as settled by numerous decisions of this Court.

No error.