This action was brought by plaintiff, an employee, to recover of defendants, his employers, damages for a personal injury alleged to have been caused by the negligence of defendants (1) in failing to provide for plaintiff a safe and suitable place in which to work and (2) in failing to provide a safe and proper method for hoisting bricks to the walls of the building, in the construction of which plaintiff was at work as an employee of defendant.
It is alleged that plaintiff was at work on the floor of a building, in process of construction by defendants, as contractors and builders, near the stage or rostrum in the auditorium of said building, under the direction of a foreman of defendants; that plaintiff, with other employees, was at work upon steel beams or girders which were to be used in the construction of the building; that while plaintiff was thus engaged in the performance of his duties as an employee of defendants, brickmasons, also employees of defendants, were at work on a scaffold 12 to 14 feet above the floor on which plaintiff was at work; that laborers, or helpers of said brickmasons, also employees of defendants, were engaged in carrying bricks and mortar to a balcony or scaffold some 5 or 6 feet beneath the scaffold on which the brickmasons were at work and above the floor on which plaintiff was at work; that the laborers were required *Page 523 
to pitch the bricks, which were hoisted from the floor to the balcony, to other laborers standing on the scaffold on which the brickmasons were at work where they were to be used by the brickmasons in the erection of a wall of the building; that a laborer on the upper scaffold failed to catch a brick pitched to him by a laborer on the lower scaffold or balcony, and that this brick fell a distance of 12 to 14 feet, striking plaintiff on the head while he was at work at the place to which he had been assigned by a foreman of defendants. As a result of the injury thus inflicted, plaintiff was rendered unconscious and has become a total mental and physical wreck.
As a defense to plaintiff's cause of action, defendants deny that plaintiff was injured by their negligence, alleging that such injury as plaintiff sustained was caused by the negligence of a fellow-servant of plaintiff and that said injury was the result of a risk ordinarily incident to work of the kind and character as that in which plaintiff was engaged and that plaintiff having assumed the risk of such injury as he received when he entered the employment of defendants, cannot recover damages of the defendants.
The issues arising upon the pleadings and submitted by the court to the jury, with the answers thereto, are as follows:
"1. Was the plaintiff injured by the negligence of the defendants as alleged in the complaint? Answer: `Yes.'
"2. Was the plaintiff injured by the negligence of a fellow-servant, as alleged in the answer? Answer: `No.'
"3. Did plaintiff voluntarily assume the risk of his injury as alleged in the answer? Answer: `No.'
"4. What damages, if any, is the plaintiff entitled to recover? Answer: `$5,000.'"
From the judgment in accordance with the verdict, defendants appealed to the Supreme Court, assigning errors based upon exceptions duly noted.
The evidence offered by plaintiff was sufficient to sustain the allegations of the complaint, as to the existence of the relationship of employer and employee, between defendants and plaintiff at the time of the injury, and as to the cause and extent of the injury sustained by plaintiff. Plaintiff was struck on the head by a brick, which fell from above him, while he was at work at the place to which he had been assigned, under the direction of the foreman of defendants in charge of the construction of the building. The falling of the brick was the result of the *Page 524 
failure of a laborer on a scaffold 17 feet above the floor on which plaintiff was at work, to catch the brick which had been pitched to him by a laborer, from the balcony about 7 feet beneath the upper scaffold and about 10 feet above the floor. The bricks thus pitched from one laborer to another laborer, were to be used by brickmasons working on the upper scaffold in the erection of a wall of the building. Bricks were being passed up to these brickmasons in the usual way and by the method provided by defendants for accomplishing that purpose. They were hoisted from the floor of the building to the balcony, about 10 feet above the floor, by means of an elevator; they were then taken from the elevator by laborers who placed them on wheelbarrows which were rolled along the balcony to a place beneath the scaffold on which the brickmasons were at work. They were then pitched, one at a time from the balcony to the scaffold, a distance of 7 feet, and placed by the laborer who caught them on the scaffold so that the brickmasons could pick them up as they were needed. The distance through which they were thus pitched was 18 inches or two feet. The foreman, under whose direction plaintiff was at work, knew that the laborers were engaged, by this method, in getting the brick from the floor or ground, to the scaffold and that they were so engaged at the time plaintiff was directed to work at the place where he was injured.
The injury occurred about 4 o'clock p. m. Prior to this time plaintiff had been at work riveting steel beams near the center of the building. Immediately before the plaintiff was injured, he had been requested, by a fellow-employee, who was authorized to make the request by the foreman, to leave the place at which he was at work, to assist other employees in raising a steel beam or girder from the floor in order that a bench might be put under it. The place to which plaintiff was thus called was about 10 feet from the wall on which the brickmasons were at work and where the bricks were being pitched. The employee to whose assistance plaintiff had gone, just prior to his injury, testified that he did not know that the brickmasons were then at work on the wall or that the laborers were at work getting the bricks to the upper scaffold. Plaintiff has never recovered from the effects of the blow on his head sufficiently to make an intelligent statement about the occurrence and did not testify at the trial for this reason.
1. Defendants first contend that plaintiff's injury was due to an accident and that therefore they are not liable for damages resulting from the injury. An accident is defined as "an unforeseen event occurring without the will or design of the person whose mere act causes it; an unexpected, unusual or undersigned occurrence; the effect of an unknown cause, or the cause being known, an unprecedented consequence of it; a casualty." Black's Law Dictionary. Crutchfield v. R. R., 76 N.C. 320. *Page 525 
"An employer is not responsible for an accident simply because it happened but only when he has contributed to it by some act or omission of duty"; Martin v. Mfg. Co., 128 N.C. 264; Simpson v. R. R., 154 N.C. 51;Lloyd v. R. R., 168 N.C. 646; Bradley v. Coal Co., 169 N.C. 255.
The injury sustained by plaintiff was caused by a blow upon his head; this blow was caused by a falling brick; the cause of the injury is therefore known; as to this, upon the evidence, there can be no controversy. There is sufficient evidence from which the jury could find the failure of the laborer on the scaffold to catch the brick pitched to him by another laborer on the balcony 7 feet below, the distance from the hands of the one laborer to the hands of the other laborer being from 18 inches to 2 feet, was the cause of the falling of the brick. That a person may fail to catch a brick pitched to him by another person, especially when he is 7 feet above the person who pitches it and that upon such failure the brick will fall and strike an object beneath it, can hardly be said to be an unprecedented consequence; indeed the result may be expected, it is not unusual nor can it be said that it could not have been foreseen. Under the facts and circumstances as established by the evidence in this case, plaintiff's injury cannot be held as due to an accident; the injury was clearly due to negligence or the failure of someone to exercise due and reasonable care for the safety of the plaintiff in the situation in which he was placed at the time the brick was pitched.
There is no evidence from which the jury could find that plaintiff knew, when he went to the place at which he was injured that the laborers were pitching bricks from the balcony, ten feet above the floor on which he was to work, to the scaffold, seven feet above the balcony and thus 17 feet above plaintiff. Nor is there evidence that the laborers knew at the time they were engaged in pitching the bricks that plaintiff had been assigned to work at a place not more than ten feet from the wall on which the brickmasons were at work. There is evidence that the foreman, under whose direction both the plaintiff and the laborers were at work, had full knowledge of the work in which these employees were respectively engaged. With this knowledge, the foreman required, or at least permitted the respective work to continue.
It is conceded, of course, that upon the facts established by the evidence, defendants owed plaintiff the duty "to exercise reasonable care to provide the plaintiff a reasonably safe and suitable place in which to work," and that a failure to perform this duty, resulting directly and proximately in injury to plaintiff, would be actionable negligence.Ramsbottom v. R. R., 138 N.C. 39, and cases cited in 2d Anno. Ed. It cannot be held, where defendants assigned plaintiff to work *Page 526 
at a place not more than 10 feet from a brick wall of a building in process of construction, while laborers were pitching bricks from a balcony against said wall, 10 feet above the floor of the building, to a scaffold 7 feet above the balcony, to other laborers — the distance from the hands of the laborers who were pitching the bricks to the hands of laborers whose duty it was to catch them being from 18 inches to 2 feet — that there was a compliance by defendants with the law as repeatedly declared by this Court, and by courts of other jurisdictions, which administer law founded upon sound principles and constantly developing to meet the growing complexities of human relationships. There was a breach of the duty, which the law imposed upon defendants, and evidence from which the jury could find that this breach of duty was the proximate cause of plaintiff's injury. Assignments of error, based upon exceptions to the refusal of the court to allow the motion of nonsuit, and to give the peremptory instructions as requested by defendants, cannot be sustained.
2. Defendants assign as error the refusal of his Honor to instruct the jury as requested by defendants, in writing and in apt time, to answer the second issue, "Yes." By the exception, upon which this assignment of error is based, defendants present their contention that the injury sustained by plaintiff was caused by the negligence of a fellow-servant, and that, therefore, they are not liable. The duty which defendants owed to plaintiff, with respect to the place provided for him to work, is primarily and nondelegable. The employee has a right to assume that this duty had been performed; Klunk v. Granite Co., 170 N.C. 70. Upon the evidence, there was a breach of this duty. The place provided for plaintiff to perform his duties as an employee of defendants was unsafe because of the method adopted by defendants for hoisting bricks to the upper scaffold. The defendants not only adopted this method for doing this work, but their foreman knew that the method was being pursued after plaintiff had left the safe place at which he was at work — at the upper end of the auditorium — and gone to the lower end, within 10 feet of the wall when the bricks were being passed up to the scaffold by this unsafe method. The laborers continued to pursue this method after plaintiff had changed places for work. There is no evidence that they knew of the change. Even if it was negligence for the laborers to adopt and pursue the unsafe method of doing the work which they were required to do, such negligence only concurred with the primary negligence of defendants in causing injury to plaintiff and does not relieve defendants of liability for their negligence. Beck v. Chair Co., 188 N.C. 743, and cases there cited. His Honor instructed the jury that where the master has negligently failed to perform one of the primary duties *Page 527 
which he owed to the servant, and this negligence concurs with that of a coemployee in proximately producing the injury, the master's responsibility therefor is the same as if his negligence were the sole and only cause. Upon competent evidence, and under correct instructions as to the law, the jury has answered the second issue "No." The assignment of error is not sustained.
3. Defendants further assign as error the refusal of his Honor to instruct the jury, as requested by defendants, in writing and in apt time, to answer the third issue "Yes." By the exception upon which this assignment of error is based, defendants present their contention that plaintiff is barred of recovery in this action, because he assumed the risk of the danger which resulted in his injury. Plaintiff was at work at a safe place, when in response to a request of a fellow-employee, made pursuant to the direction of the foreman of defendants, he left said place, and went to the place at which he was injured. In so doing, he was performing the duties of his employment. There is no evidence that he knew that laborers, fellow-servants, were then at work on the wall of the building, or that he knew of the unsafe method which they were pursuing in their work, with the knowledge of the foreman. But for this work and the method by which it was pursued, the last place was as safe as that from which he had gone. The fellow-employee, to whose assistance he had gone, did not know that brickmasons or laborers were at work on the wall. He thought they had finished their work. The jury might well find that plaintiff also did not know of the facts which made the place to which he went unsafe. There can be no assumption of a risk, of which the employee is ignorant. The assignment of error is not sustained.
4. Other assignments of error are based upon the refusal of his Honor to give instructions to the jury as requested by defendants. We have examined these assignments of error, with care, and do not find that there was reversible error in refusing to give them.
Brown v. Scofields Co., 174 N.C. 4, is not an authority sustaining the contention of defendants in this case. In that case plaintiff knew that his fellow-servant was working above him, and with this knowledge he continued to work in the place assigned him. The place where plaintiff was at work was not unsafe because of any act, of omission or commission, of defendant. The injury was caused by an act of his fellow-servant, which had no relation to any act of his employer. In this case, the injury was the result of an act of a fellow-servant, it is true; but the act was done in pursuance of a method of doing his work, known to and permitted, if not expressly authorized by *Page 528 
the defendants. Defendants were negligent in adopting or permitting the method of work, by which the bricks were pitched from the balcony to the scaffold, thus passing through the air a distance of 18 inches or 2 feet.
Defenses based upon the doctrines of "Negligence of Fellow-servants," and "Assumption of Risk" do not seem to be in harmony with the spirit of the law as applicable to present-day conditions. The courts recognize them as valid defenses, in actions brought by employees to recover damages for personal injuries sustained while at work within the scope of their employment. However, in deference to the tendencies of modern legislation, and in response to a more humane conception of the relations of master and servant, the courts cannot extend them; the tendency of both legislation and judicial decision is rather to confine and restrict them to cases in which they are clearly and unmistakably applicable. Cook v. Mfg. Co.,183 N.C. 48.
The judgment is affirmed. We find
No error.