### H. F. OWENS v. SOUTHERN RAILWAY COMPANY.

(Filed 28 November, 1928.)

**Master and Servant—Liability of Master for Injuries to Servant—Safe Place to Work—Negligence—Proximate Cause—Anticipating Injury.**

> Evidence that the plaintiff, while engaged in his employment of unloading heavy railroad rails from a car, had his eye permanently injured by some particle flying therein immediately after the passage of one of the defendant's trains, and evidence that there was trash upon the ground at the place and that the rails had pieces of rust on them that would come off, is insufficient evidence of a causal connection between the negligence of the defendant in failing to furnish a suitable place in which to work, or of a result that could have been reasonably anticipated, and a motion as of nonsuit thereon should have been granted.

CIVIL ACTION, before *Townsend, Special Judge,* at February Term, 1928, of ROCKINGHAM.

Plaintiff alleged and offered evidence tending to show that on or about 14 August, 1926, he was assisting in the unloading of steel rails from a flat-car. Plaintiff was a section foreman, and had been working for the defendant about nineteen years. The steel rails were each about 66 feet long and weighed approximately 2,300 pounds. The rails were rolled from the flat-car to the ground. One rail had been unloaded, and when the second rail was unloaded plaintiff testified that a piece of "steel or something" struck him in the eye and inflicted permanent injury.

Plaintiff alleged as elements of negligence that he was not instructed how to unload the rails, and that no rail-loader was used for the purpose. He further alleged that the ground where the rails were unloaded was covered with trash and that the rails were rusty and had small scales on them, and that in unloading them in the manner specified some of these scales or small particles were knocked off. Plaintiff further alleged that after unloading the first rail a passenger train came by on another track, and that immediately after the passenger train passed the workmen proceeded to unload the second rail.

Issues of negligence, contributory negligence, assumption of risk, and damages were submitted to the jury and answered in favor of plaintiff, who was awarded a verdict of $2,500.

The judgment was as follows: "Upon the coming in of the verdict, the defendant moved to set aside the verdict and for a new trial for errors committed of record. The court is of the opinion that there was error in refusing to grant the motion of the defendant for judgment as of nonsuit, but in order that the whole matter may be carried up on one appeal, motion is denied and defendant excepts."

Thereupon judgment was signed upon the verdict, and the defendant appealed.

*P. T. Stiers and F. Eugene Hester for plaintiff.*
*Brown & Trotter for defendant.*

BROGDEN, J. The vital question in the case is whether or not the motion for nonsuit should have been granted.

While several elements of negligence were alleged, it does not appear from the proof offered that the injury to plaintiff proximately resulted from any of these elements, except that there was trash on the ground where the rails were unloaded, and that there were small scales of steel upon the rails which were worked off in the process of unloading. Therefore, the question of law standing at the threshold of the inquiry is whether or not the defendant could, in the exercise of ordinary care, anticipate or foresee that a particle of trash or steel would be blown into the plaintiff's eye. The rule of liability applicable to the facts presented is thus stated in *Carter v. Lumber Co.,* 129 N. C., 203, 39 S. E., 828: "It is right that one should be required to anticipate and guard against consequences that may be reasonably expected to occur; but it would be violative of every principle of law or justice if he should be compelled to foresee and provide against that which no reasonable man would expect to happen. The business affairs of life would come to a standstill if employers had to busy themselves for their own and their employee's safety in the study of ingenious devices to meet every case of possible damage and hurt. There would soon be neither capitalists nor laborers from the modern view. The reasonable man, then, to whose ideal behavior we are to look as the standard of duty, will neither neglect what he can forecast as probable, nor waste his anxiety on events that are barely possible. He will order his precaution by the measure of what appears likely to be known in the course of things." *Bradley v. Coal Co.,* 169 N. C., 255, 85 S. E., 388; *Davis v. R. R.,* 170 N. C., 582, 87 S. E., 745.

There is a suggestion that the suction or vortex created by the passenger train might have blown the foreign substance into plaintiff's eye.

However, suction created by a moving train has not been recognized as an element of actionable negligence in this State under ordinary circumstances. *Davis v. R. R.,* 170 N. C., 582.

The evidence of plaintiff, viewed in its most favorable light, does not disclose how the trash or steel was blown into his eye. This fact rests only in conjecture, and conjecture or speculation is not evidence.

Upon this state of the record, we are forced to the conclusion that the evidence demonstrated no causal connection between the injury and the acts of negligence complained of; neither does it appear that the defendant in the exercise of ordinary care could have reasonably anticipated or foreseen that injury was likely to occur under the circumstances disclosed by the record.

Therefore, we agree with the trial judge that the cause should have been nonsuited.

Error.