### Z. C. SMITH v. ROLAND LUMBER COMPANY.

(Filed 12 March, 1930.)

**Master and Servant C b—Evidence of master's failure, in the exercise of due care, to furnish suitable appliances held insufficient.**

> Where, in an action by an employee to recover of his employer damages for the latter's failure to furnish, in the exercise of due care, a reasonably safe place to work and reasonably safe appliances and equipment therefor, the evidence tends only to show that the plaintiff, experienced in such work, used an empty nail keg to stand on to inspect lumber from the higher side of a truck and was injured by falling therefrom, when the inspection could have been made from the lower side while standing on the dock, that the defendant had neither furnished nor instructed the use of the nail keg, and there is no evidence that it was the defendant's duty to furnish any appliance or that plaintiff had requested any: *Held,* the evidence was insufficient to show any breach of duty to the plaintiff, and defendant's motion as of nonsuit should have been allowed.

APPEAL by defendant from *Midyette, J.,* at October Term, 1929, of CRAVEN. Reversed.

Action to recover damages for personal injuries alleged to have been caused by the negligence of defendant in failing to exercise due care to furnish plaintiff, its employee (1) a reasonably safe place to work, and (2) reasonably safe appliances and equipment to do the work required of him.

Defendant denied the allegations of negligence in the complaint and alleged in its answer that plaintiff by his own negligence contributed to his injuries.

The issues submitted to the jury were answered favorably to the contentions of the plaintiff.

From judgment that plaintiff recover of the defendant the sum of $500, his damages as assessed by the jury, defendant appealed to the Supreme Court.

*Warren & Warren and McK. Carmichael for plaintiff.*
*Moore & Dunn for defendant.*

Connor, J.   There was no evidence at the trial of this action tending to show that defendant furnished to plaintiff, as an appliance to enable him to do his work, the empty nail keg, on which plaintiff was standing when he fell and was injured.   Plaintiff testified that he found the nail keg near the truck on which the lumber he was inspecting was loaded and that he used the keg to stand on while inspecting the lumber, because he had seen another inspector employed by defendant using it for that purpose.   This inspector testified that he had used the keg for his own convenience.   There was no evidence tending to show that defendant knew that the nail keg had been used by its inspectors to stand on while inspecting the lumber on the truck.

Nor was there evidence tending to show conditions under which it was the duty of defendant, as the employer of plaintiff, to furnish him any appliance to enable him to inspect the lumber from the higher end of the truck.   The evidence tended to show that the lumber on the truck could have been inspected by plaintiff while standing either at the lower end or at the center of the truck.   In either case, plaintiff could have inspected the lumber on the truck, while standing on the floor of the dock.   Plaintiff chose to inspect the lumber from the higher end of the truck, and in order to do so, he used the empty nail keg to stand on. There was no evidence tending to show that after plaintiff chose to inspect the lumber on the truck from the higher rather than from the lower end or from the center of the truck, he requested defendant to furnish him an appliance to enable him to do his work in this manner, or that he advised defendant that he required such an appliance.

Defendant did not know, nor did it have reason to apprehend, when plaintiff was directed to go to the dock and inspect the lumber on the truck, that he would choose to make his inspection from the higher end of the truck, or that he would select an empty nail keg as the place on which to stand while inspecting the lumber.   Plaintiff was an experienced lumber inspector, and defendant had a right to assume that he would exercise the care of a prudent man in doing his work, for his own safety.

In the absence of evidence tending to show any breach of its duty to plaintiff, as its employee, with respect to the place at which he was required to work, or with respect to appliances required for doing his work, defendant is not liable to plaintiff in this action, and there was error in the refusal of the court to allow defendant's motion for judgment as of nonsuit.   The principles of law relied upon by plaintiff, as appellee in this Court, are well settled; but in the absence of evidence from which the jury could find facts to which these principles are applicable, they cannot avail plaintiff in this action.   *Bradley v. Coal Co.*, 169 N. C., 255, 85 S. E., 388.   The judgment is

Reversed.