WOODROW CALLAHAN, by His Next Friend, J. H. CALLAHAN, v. TOM ROBERTS and Wife, ELIZABETH ROBERTS.

(Filed 13 October, 1937.)

1. **Master and Servant § 11—Negligence is not presumed from mere fact of injury.**

   Evidence that plaintiff was hurt while pushing lumber off a stack in the course of his employment when the measuring stick of a fellow employee struck him in the eye, *is held* insufficient to be submitted to the jury on the issue of the employer's negligence in an action instituted in the Superior Court, negligence not being presumed from the mere fact of injury.

2. **Appeal and Error § 41—**

   Where it is decided on appeal that the judgment of nonsuit was properly entered for want of evidence of actionable negligence, other exceptions need not be considered.

APPEAL by plaintiff from *Alley, J.,* at March Term, 1937, of MITCHELL.

CALLAHAN v. ROBERTS.

Action to recover damages for alleged personal injury.

This case was formerly before this Court on appeal by plaintiff from judgment of the Superior Court sustaining demurrer to the jurisdiction of the court, interposed upon the ground that it appeared upon the face of the complaint that the case was cognizable by the North Carolina Industrial Commission. The judgment was reversed. The opinion is reported in 208 N. C., 768, 182 S. E., 657.

The defendants having by answer denied the allegations of the complaint, the case came on for trial in the court below. Then the plaintiff, alone, in support of the issue of negligence, testified as follows: "I was employed by Tom Roberts. I had been working in Buncombe County for him for about four months before 11 March, 1935. I was hauling lumber and pushing lumber off of the stack. . . . I was working with Mack Byrd on that day. . . . Mack was measuring lumber and I was pushing the lumber off after Mack Byrd measured it. On 11 March I was pushing lumber off the stack down to some fellow who laid it on the truck. I was pushing lumber off the stack and I reached down to pick up the board and as I reached down after the board, Mack struck me with the rule and it put my eye out. . . . It was about 2 o'clock in the afternoon of 11 March when I was injured. I had been working there all day with Mack Byrd. I had been working with him about 30 minutes and was standing by his side but I couldn't say which side. I was pushing lumber from the stack as he measured it. Nobody else was on the stack with me but Mack Byrd." And on cross-examination he testified: "I couldn't say whether he accidentally threw the measuring stick around and hit me in the eye. I don't know if it was an accident. Yes, he was at work, doing his duty, and the measuring stick hit me, that is what occurred. He was measuring lumber."

The plaintiff further testified as to his injury and suffering, and offered evidence tending to show that, although there were regularly employed in the business of the defendants a sufficient number of employees to bring the defendants within the provisions of the North Carolina Workmen's Compensation Act, neither the defendant Tom Roberts nor the defendants were operating under the act.

From judgment as of nonsuit at the close of the plaintiff's evidence, the plaintiff appealed to the Supreme Court and assigned error.

*M. L. Wilson and Watson, Fouts & Watson for plaintiff, appellant.*
*Charles Hutchins and W. C. Berry for defendants, appellees.*

WINBORNE, J. Conceding, but not deciding, that this case is not within the jurisdiction of the North Carolina Industrial Commission,

and that plaintiff can maintain this action in the Superior Court, all the evidence, considered in the light most favorable to the plaintiff, fails to show any actionable negligence on the part of the defendants, or either of them. The judgment as of nonsuit was properly entered. *Smith v. Sink,* 211 N. C., 725, and cases there cited.

It rather appears that the unfortunate injury to plaintiff was one of those accidents which sometimes happen unexpectedly—"an event resulting from an unknown cause, or an unusual or unexpected event from a known cause; chance; casualty." Black's Law Dictionary. *Crutchfield v. R. R.,* 76 N. C., 320; *Martin v. Mfg. Co.,* 128 N. C., 264, 38 S. E., 876; *Thomas v. Lawrence,* 189 N. C., 521, 127 S. E., 585; *Ingle v. Cassady,* 208 N. C., 497, 181 S. E., 562.

"An employer is not responsible for an accident simply because it happened, but only when he has contributed to it by some act or omission of duty." *Thomas v. Lawrence, supra; Luttrell v. Hardin,* 193 N. C., 266, 136 S. E., 726.

The judgment as of nonsuit being sustained for lack of evidence of actionable negligence, other exceptions upon which plaintiff relies for a new trial need not be considered. *Shoemake v. Refining Co.,* 208 N. C., 124, 139 S. E., 334.

The judgment below is

Affirmed.