W. J. BROOKSHIRE v. ASHEVILLE ELECTRIC COMPANY.

(Filed 27 May, 1910.)

1. Street Railways—Fellow-servant Act—Interpretation of Statutes.

The Fellow-servant Act, Revisal, sec. 2646, applies to street railways, and *Hemphill v. Lumber Co.,* 141 N. C., 487, is cited and approved.

2. Negligence—Evidence—Accident—Nonsuit.

While plaintiff was working as a lineman for defendant, he and others were engaged in carrying a pole to the point where it was to be erected, two on the right-hand side of the pole and plaintiff and another on the left-hand side, those on the right being taller than plaintiff and his companion, which threw more weight on the latter. The pole "gave a turn," those on the right lowered their side of the pole, and those on the left were instructed to "come up with the pole," which plaintiff's companion did; but plaintiff said, "Let it down, boys; I am hurt": *Held,* the evidence tended to prove that the injury resulted from an accident, was insufficient on the question of negligence, and defendant's motion to nonsuit should have been sustained.

APPEAL from *Justice, J.,* at the March Term, 1910, of BUNCOMBE.

Civil action to recover damages for personal injury. The usual issues were submitted and found against the defendant. Appeal to this Court.

The facts are sufficiently stated in the opinion of the Court.

*Craig, Martin & Thomason* for plaintiff.
*Martin & Wright* for defendant.

BROWN, J.    This action was brought to recover damages from the defendant on account of an alleged injury to plaintiff while working for defendant in the capacity of lineman, while defendant was engaged in the business of operating a street railway and "putting up and taking down telegraph and telephone poles and wires."

1. While, possibly, not necessary to a decision of this case, yet we deem it proper to say for future guidance that we approve the opinion in *Hemphill v. Lumber Co.,* 141 N. C., 487, and regard it as settled in this State that the Fellow-servant Act, Revisal, sec. 2646, applies to street railways.

2. We are, however, of opinion that there is no sufficient evidence of negligence in the record, and that the motion to nonsuit should have been sustained.

The only witnesses examined were the plaintiff and his brother Jim Brookshire, and their evidence tends to prove that the injury to plaintiff was the result of an accident that ordinary prescience could not foresee nor ordinary care guard against. They, with four others, were engaged in unloading large poles from a car and placing them in position for use on defendant's line.    One pole rolled into the edge of the lake at Riverside Park.    In getting it out Williams and Wilson "were toting on left-hand side of pole"; plaintiff and King on right-hand side, and Jim Brookshire and Reagan were "toting the tip end of the pole."    There is no substantial difference in the testimony of the two witnesses.    Jim Brookshire testified that "The pole was lying up along the side of the lake and we started to 'tote' the pole up the lake, and we all reached down to get it up, and Mr. Wilson and Mr. Williams were so much taller than my brother and Mr. Lon King and that throwed most of the weight on them, and the pole gave a kind of turn, and let my brother and Mr. Lon King drop down a little and we started off with the pole, and Mr. Wilson said, 'Jeff, come up with the pole,' and Jeff straightened up, and my brother said: 'Let it down, boys; I am hurt.' "

The court below should have sustained the motion to nonsuit, and it is so ordered.

Reversed and action dismissed.