CHARLIE MERCER v. ATLANTIC COAST LINE
RAILROAD COMPANY.

(Filed 22 March, 1911.)

1. **Master and Servant—Duty of Master—Breach—Burden of Proof.**
In an action to recover damages on account of negligence, the burden is upon the plaintiff to satisfy the jury that defendant owed him a duty at the time of his injury; that there was a breach of that duty, and that this breach was the cause of the injury.

2. **Master and Servant—Tools and Appliances—Duty to Inspect—Simple Tools—Equality of Knowledge—Defects.**
With reference to simple tools, such as hammers and the like, the employer is not charged with the duty of inspection to see that they are in proper condition for the use of the employee, for ordinarily the employee is presumed to be equally conversant with the tools as the employer, and, being required to use them, is in a better situation to discover the defects; but if the employee has no power of selection or opportunity for inspection, the employer is held to the duty of furnishing a tool reasonably safe, as in such cases there is no equality of knowledge.

3. **Same—Negligence—Damages.**
When there is no equality of knowledge between the employer and employee with respect to simple tools the former furnishes the latter with which to do his work, the employee has the right to assume that the employer has performed his duty in respect to

furnishing him the proper one; and this duty the employer may not delegate to another and escape liability for damages caused by its negligence.

### 4. Same—Evidence—Questions for Jury.

While plaintiff was striking with a sledge hammer a chisel held by defendant's boiler-maker while cutting slack rivets from a boiler, in the course of his employment, a piece of the chisel, under a blow from the hammer, flew off and injured the plaintiff's eye, causing the damage alleged in the action. There was evidence tending to show that it was the duty of the boiler-maker, whom plaintiff was employed to assist, to keep the tools in repair; that plaintiff had been working as his assistant for about a month, and that he handed a chisel to plaintiff to use, which the latter did without opportunity for inspection; that the head of the chisel was too large, and the chisel itself too thin, etc.; that plaintiff struck with the hammer when and as directed by the boiler-maker: *Held*, under the rule, viewing the evidence in its most favorable light for the plaintiff, the question as to defendant's negligence was one for the jury to determine. *Martin v. Mfg. Co.*, 128 N. C., 264, cited and distinguished.

APPEAL from *Peebles, J.,* at October Term, 1910, of EDGECOMBE.

The plaintiff, an employee of the defendant, alleges that he was injured by the negligence of the defendant in that the defendant failed to furnish him a safe tool with which to do his work. The defendant denied that it was negligent, and alleged that the plaintiff was guilty of contributory negligence.

At the conclusion of the plaintiff's evidence, his Honor entered judgment of nonsuit, and the plaintiff excepted and appealed.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Allen.*

*G. M. T. Fountain & Son and R. T. Fountain for plaintiff.*
*F. S. Spruill for defendant.*

ALLEN, J. A judgment of nonsuit having been entered, it is our duty to accept the evidence of the plaintiff as true, and to give to it the construction most favorable to him.

Viewed in this light, we think there was some evidence of negligence to be submitted to the jury, but we express no opinion as to its weight.

The evidence, if believed, establishes that the plaintiff had been in the employment of the defendant three or four years, but that he had been working in the boiler corner only about a month before his injury; that at the time he was injured he was employed as helper or handyman to the boiler-maker, and that it was his duty to obey the boiler-maker and to watch the tools when he was absent; that it was the duty of the boiler-maker to keep the tools in repair, and that he selected the tools with which the work was done at the time of the injury; that on 11 September, 1909, the plaintiff was required by the boiler-maker to aid him to cut slack rivets from an oil tank, and that they used a chisel and a sledge hammer weighing 10 or 12 pounds; that the boiler-maker held the chisel and the plaintiff was required to strike it with the hammer; that in doing so a piece of the iron chisel broke off and struck the plaintiff's eye; that the head of the chisel was twice as large as it ought to have been, was as thin as a knife blade, was beat out twice the size it ought to have been, and had scales all over it; that the plaintiff had only slightly looked at the chisel before his injury, and struck when the boiler-maker said do so.

When an action is instituted to recover damages on account of negligence, the law casts the burden of proof on the plaintiff to satisfy the jury that the defendant owed him a duty at the time of his injury; that there has been a breach of that duty, and that this breach was the cause of the injury. If he fails in either, he cannot recover damages.

We must, therefore, inquire into the relationship between the plaintiff and the defendant, and the duties arising from it.

As said by _Mr. Justice Brown_, in _Avery v. Lumber Co.,_ 146 N. C., 595: "It has become elementary in the doctrine of negligence that the master owes a duty, which he cannot safely neglect, to furnish proper tools and appliances to his servant." "He satisfies the requirements of the law if, in the selection of his appliances, he uses that degree of care which a person of ordinary prudence would use, having regard for his own safety, if he were supplying them for his own use." _Marks v. Cotton Mills,_ 135 N. C., 287; _Nail v. Brown,_ 150 N. C., 535.

154—26

This duty applies alike to the simple and the complicated tools, but the authorities agree that after performing this duty, the law does not impose the same obligations with reference to the two classes of tools.

When the tools and appliances are complicated, the employer must inspect them from time to time, and must see that they are maintained in a reasonably safe condition. *Fearington v. Tobacco Co.*, 141 N. C., 83. This rule prevails because of the superior knowledge and better opportunity of the employer, as well as the increased danger to the employee.

But the rule is different in reference to tools that are simple, such as hammers, chisels, spades, axes, etc. In such cases the employer is not required to inspect, because the employee is presumed to be equally as conversant with the tool as the employer, and, being required to use it, is in better situation to discover its defects. *Dompier v. Lewis,* 131 Mich., 144; *R. R. v. Larkin,* 98 Tex., 228; *Meyer v. Ladewig,* 110 N. W. R. (Wis.), 419; *Marsh v. Chickering,* 101 N. Y., 399; *Wachsmith v. Electric Co.,* 118 Mich., 279. If the employer has provided a tool apparently safe, and there is a latent defect—one that cannot be discovered by the exercise of ordinary care—and an injury is caused thereby, there is no liability. If the tool becomes defective by use, it can be readily discovered by the employee, and it is his duty to make the defect known to the employer, that the tool may be repaired or a new one furnished. *Wachsmith v. Electric Co.,* 118 Mich., 275; *R. R. v. Larkin,* 98 Tex., 228.

This relaxation of the rule requiring the employer to inspect presupposes that the employee, by using the tool, has had the opportunity to observe defects, and that his knowledge is equal or superior to that of the employer.

If the employee has no power of selection or opportunity for inspection, the employer is held to the duty of furnishing a tool reasonably safe, as in such case there is no equality of knowledge. This doctrine was applied to the use of a monkey-wrench in *Stark v. Cooperage Co.,* 127 Wis., 322, in which the Court says: "The relaxation of the master's duty and liability

rests on the assumed equality of knowledge and ability to discover the defect complained of. It can have no application to a defect of which the master is actually cognizant, and which, as a reasonable man, he should appreciate is likely to result in injury to one using the implement as it is likely to be used, and which is neither known to the employee nor of such a character as to be obvious to that observation which may be expected to accompany its use. In such case the general rule of negligence as above stated is fully effective, and the master who knowingly and negligently exposes his employee to a peril unknown to the latter must respond for the damage which results."

In *Rollings v. Levering,* 18 N. Y., 224, the tool or implement was a hook, which was furnished by a foreman, and the rule is thus stated: "The deceased, therefore, had no power of selection of hooks, but could only make use of the particular ones furnished. The hook became, therefore, an appliance used in and about the prosecution of the work, and the obligation rested upon the defendants to exercise reasonable care in furnishing a hook suitable and safe for the purpose to which it was to be applied. This duty to exercise reasonable care is absolute, and may not be delegated to another so as to relieve the master from his obligation."

In *Guthrie v. R. R.,* 11 Lea, 372, the Court approves the recital of the following charge given at the trial: "He tells them if the plaintiff was furnished this maul for work by the foreman, and that the maul was worn and defective, and the plaintiff's eye was put out by reason of this defective condition, in such employment, and the defects known by defendant or its employees, whose duty it was to look after the condition of the maul, or if said employees having such duty might have known of the defects and need of repair, by the use of such diligence and skill as a prudent and careful man would have used in attending to such a matter, the defendant would be liable." To the same effect, *Chicago v. Blivins,* 46 Kan., 370; *Newboer v. R. R.,* 60 Minn., 130; *R. R. v. Amos,* 20 Ind., 378.

The employee has the right to assume that these duties have

been performed (*Jones v. Warehouse Co.,* 137 N. C., 343), and the employer has no right to delegate their performance to another. If he does so, he is "liable for negligence in respect to such acts and duties as he is required or assumed to perform, without regard to the rank or title of the agent intrusted with their performance. As to such acts, the agent occupies the position of the master, and he is liable for the manner in which they are performed." *Tanner v. Lumber Co.,* 140 N. C., 479; *Bolden v. R. R.,* 123 N. C., 617.

In this case there is evidence that the chisel was defective at the time the plaintiff was injured; that it was selected by the boiler-maker, under whose directions the plaintiff was required to work; that it was the duty of the boiler-maker to keep the tools in repair; that the plaintiff was injured in the performance of his duty, and there is no evidence that the plaintiff handled the chisel or that he had ever seen it before.

The case of *Martin v. Mfg. Co.,* 128 N. C., 264, is not in conflict with the conclusion we have reached. The circumstance which distinguishes it is stated in the opinion as follows: "In the case at bar there is no evidence that any defect in the hammer was known to exist, either by the plaintiff or the defendant, nor is there any evidence to show that its condition was such as to incite an inquiry or suspicion." The decision was on the ground that the tool—a hammer—was simple in construction and, if defective, that it was a latent defect. In the discussion of the case, the Court recognizes that there may be liability if the tool, although simple, is defective, and says: "If defendant furnished its employees with tools known to it to be defective, or by ordinary care and inspection could have known of such defects, and the injury was caused by such defects, then there would have been evidence of negligence to be submitted to a jury."

This imposes upon the employer the duty of inspection, and renders him liable for injuries caused by defects which could have been discovered, which, we think, is ordinarily too exacting when applied to simple tools.

The judgment of nonsuit is set aside and a new trial ordered.

New trial.