The facts are sufficiently stated in the opinion of the Court by Mr.Justice Walker.
Plaintiff brought this action to recover damages for injuries received while working in the defendant's tannery in Asheville. His duty was to clean out the vats, and in the performance of this duty he was required to go into the vat and throw out the ginned bark, which was placed between the hides for the purpose of tanning them. In order to go into and come out of the vats it was necessary to use a ladder which was furnished by the defendant. This ladder had become worn at the ends which rested on the floor, so that they had a round instead of a flat surface, and as the bottom of the vat was oozy and slick, the ladder was liable to slip when plaintiff was using it. The top ends of the ladder rested against the wall of the vat. Ladders used for this purpose in tanneries have spikes at the bottom to prevent slipping, but this one had no spikes, nor were there any slats or stops on the floor to brace or prop the ladder. The defective condition of the ladder was called to the attention of T. E. Brice, the foreman of defendant, by the plaintiff, and he promised to have it remedied, but failed to do so, when he was again requested to have the ladder spiked so as to make it safe for the plaintiff in doing his work, and he promised to do so, but again failed to keep his promised, and the plaintiff, while using the ladder in cleaning out the vat, was seriously injured by the fall of the ladder, due to its said defective condition. The court entered judgment of nonsuit upon the evidence, and plaintiff appealed. *Page 190 
The case should have gone to the jury. It is true that the master does not insure the safety of his servant in the performance of his (233) work, but it is a familiar and an elementary doctrine in the law of negligence, with reference to this relation, that he owes a duty, which he neglects at his peril, to furnish proper tools and appliances to his servant with which to do his work. We said as much inMarks v. Cotton Mills, 135 N.C. 287, and added: "He meets the requirements of the law if in the selection of machinery and appliances he uses that degree of care which a man of ordinary prudence would use, having regard to his own safety, if he were supplying them for his own personal use. It is culpable negligence which makes the employer liable." The rule as thus stated was approved in Avery v. Lumber Co.,146 N.C. 595; Cotton v. R. R., 149 N.C. 227; Nail v. Brown, 150 N.C. 533;West v. Tanning Co., 154 N.C. 44; Mercer v. R. R., 154 N.C. 399.West v. Tanning Co., supra, involved the same principle and substantially the same facts as does this case, and we there held that there was evidence of negligence. In Mercer's case, there is a distinction made, with reference to the duty of inspection, between simple and complicated tools and implements, but we need not consider it, as it appears that the plaintiff in this case gave the defendant notice of the defect in the ladder and the latter promised to remedy it.
As to the duty of the employer, which requires him to furnish to his employee reasonably safe and suitable tools and appliances with which to perform his work, even though they may be simple in their construction, we need only refer to the cases of Orr v. Telephone Co., 130 N.C. 627 (S.c., on rehearing, 132 N.C. 691), and Cotton v. R. R., 149 N.C. 227, both decided in favor of plaintiffs. In the former cases the plaintiff was hurt by the failure of the defendant to see that he used the proper implements in doing his work, lowering a telephone pole for the purpose of removing it, the implements required for the purpose being "spiked poles" and "dead men"; and in the latter the servant was furnished with a defective truck for transferring baggage, the pin which kept the wheel on the spindle having been bent so that the wheel fell from the spindle on which it revolved while the plaintiff was trucking baggage, and he was injured.
Plaintiff testified that the foreman told him the ladder had been used for some time and was safe, and that in reliance upon this assurance and the promise to repair it, which was once repeated, (234) he continued to use the ladder. The plaintiff remainded in the service a little longer, expecting daily a compliance with the promise. We can not say, as matter of law, upon the evidence as it now appears, that the plaintiff continued in the service for an unreasonable time after the promise to repair had been broken (Pleasants v. *Page 191 R. R., 95 N.C. 195), or that the danger in using the ladder was so obvious or imminent as to charge him with having assumed the risk or with contributory negligence. Pressly v. Yarn Mills, 138 N.C. 410. The evidence must be construed most favorably for the plaintiff in considering a nonsuit, and whether he acted as a prudent man would have done under the circumstances is a question which is peculiarly for the jury to decide. The duty to exercise reasonable care in furnishing a ladder suitable and safe for the servant's use in cleaning the vat was a primary and absolute one, and was therefore not delegable. If the master leaves the performance of this duty to another who takes his place, he must be held liable for any negligence on his part, as much so as if he had undertaken himself to perform it. He can not thus shift his responsibility. The plaintiff had no choice in the selection of ladders, but could only use the particular one furnished. The defendant had been told of the defect and the danger attending the use of this ladder, and it was its duty to provide one reasonably safe, which it neglected to do. Mercer v. R. R., supra. It would be going beyond the decisions of this Court to hold that the plaintiff was guilty of negligence in law because he continued to use the ladder for a short time, when the defendant had promised to put it in safe condition, but failed to do so, and he had the right to rely upon this promise being kept. It was at least a question for the jury. If the plaintiff could have prevented the injury by the exercise of ordinary care, he was obliged to do so, and his negligence, if there was any, would bar his recovery if it was the proximate cause of the injury. In Pressly v. Yarn Mills, supra, JusticeHoke said: "The employee is not in such instances absolved from all obligation to act with reasonable care and prudence, and if there is negligence on his part, concurring as the proximate cause of the injury, he can not recover." But to avail itself of this principle, the defendant must, upon evidence, show that there has been such negligence as bars the action. The defendant argues that the plaintiff (235) is a very tall man and should have climbed out of the vat. But the ladder was supplied by the defendant for going into and coming out of the vat, and it had been safely used for this purpose, with the assurance that it was still safe and would be made safer, upon which the plaintiff relied. We can not say, upon this evidence, that the plaintiff was required to climb out of the vat, even if the other method, in the single instance, proved to be dangerous, and for that reason the nonsuit was in proper.
Our conclusion is that the case should have been submitted to the jury, with proper instructions as to the law, and there was error in dismissing the action.
New trial. *Page 192 
 Cited: Harmon v. Contracting Co., 159 N.C. 28; Thorp v. Traction Co.,159 N.C. 35; Mincey v. R. R., 161 N.C. 471; Lynch v. Veneer Co.,169 N.C. 172; Smith v. R. R., 170 N.C. 186; Wright v. Thompson,171 N.C. 92; Rogerson v. Hontz, 174 N.C. 29.