M. L. MORRIS v. CAROLINA, CLINCHFIELD AND OHIO RAILROAD.

(Filed 17 May, 1916.)

**Master and Servant—Railroads—Safe Appliances—Negligence—Evidence— Nonsuit.**

The master, a railroad, is not liable to its servant for an injury received while at work on its railroad track, driving a 6-inch spike into a cross-tie, because the face of the hammer had been worn slick, he had been promised a new one, and he was standing at the time on a loose pile of dirt, and was hurried by the foreman for the passage of an expected train, the injury being a sprain in the servant's back; for such could not have reasonably been anticipated by the master, does not come within the rule of liability requiring the master to furnish safe tools, etc., and a judgment of nonsuit was proper.

APPEAL by plaintiff from *Justice, J.,* at January Term, 1916, of Mc-DOWELL.

*M. T. Morgan for plaintiff.*
*J. J. McLaughlin and Pless & Winborne for defendant.*

CLARK, C. J. This is an appeal from a nonsuit. The plaintiff was driving a spike about 6 inches long into a cross-tie, which had been driven in two-thirds of its length when his hammer slipped off the head of the spike, striking the tie 2 inches below. The allegation is that this caused the plaintiff to sprain his back. He alleges that the face of the hammer was worn slick and that he had been promised a new hammer, and that, besides, he was standing on a pile of loose dirt, and that, a train being expected, he was ordered by the section foreman to hurry up and get the tie in place before the arrival of the train.

The plaintiff was engaged in the simple work of driving a spike into a cross-tie. An injury could not be expected because the face of the hammer was worn smooth, nor that the plaintiff would strike the head of the spike at such an angle that the hammer would glance and go 2 inches further till it struck the tie; nor was it negligence that, the train being due, the foreman asked the men to hurry up; nor was it negligence that

in repairing the track the plaintiff happened to be standing on a small pile of loose earth. No injury could reasonably have been foreseen because of any one of these circumstances, nor from all three combined.

As Mr. Pless for the defendant well says, if a chopper is sent with a dull axe into the woods on the mountain-side, where the ground is uneven, on which the workman may slip, the employer cannot be held liable if under such circumstances the dull axe may glance, causing the laborer to slip and wrench his back. The cases are analogous.

In *Martin v. Mfg. Co.,* 128 N. C., 264, known as "the hammer case," it was held that "tools of ordinary and everyday use, which are simple in structure, requiring no skill in handling—such as hammers and axes— not obviously defective, do not impose a liability upon the employer for injuries resulting from such defects." That case cites many authorities and has been cited with approval since in many cases. There a sliver flew off the face of the hammer, striking the plaintiff in the eye; but we said: "Injuries resulting from events taking place without one's foresight or expectation, or an event which proceeds from an unknown cause, or is an unusual effect of a known cause, and, therefore, not expected, must be borne by the unfortunate sufferer." This was cited with approval in *Lassiter v. R. R.,* 150 N. C., 483, where the plaintiff was injured in unloading rails from a flat car by the rail bounding back in an unusual and unexpected way and striking him, and the Court said: "The plaintiff's injury was the result of an unforeseen and unavoidable accident, and a nonsuit should have been entered."

In *Bryan v. R. R.,* 128 N. C., 387, the Court said: "The employer is not responsible for an accident simply because it happens, but only when he has contributed to it by some act or omission of duty."

The whole subject has been very recently reviewed by *Hoke, J.,* in *Wright v. Thompson, ante,* 88, with full citation of authorities. In that case, in repairing a dredge whose crane and dipper had become loosened, the plaintiff, in driving in the drift-pin to fasten them, struck it with a hammer, when a piece of steel from the defective and broken drift-pin flew off and struck the plaintiff in his eye and put it out. We set aside the nonsuit because it was shown that the drift-pin furnished the plaintiff had been broken off and had remained so at least thirty days, and that the plaintiff had notified the foreman of its defective condition. Injury might reasonably have been expected from such cause. That was certainly a very different case from the present. Here the tool was a hammer, and it could not be anticipated that on striking the spike to drive it into the cross-tie the hammer would slip, nor that by its going 2 inches further the plaintiff's back would be sprained. His standing upon a loose mound of earth also certainly was a mere incident, and could not have been expected to cause injury.

The authorities are numerously cited in *Wright v. Thompson, supra,* and the line so plainly "marked and run" that we do not think it necessary to go over the same ground.

It seems to us that the injury in this case was purely an accident, and that no negligence on the part of the defendant was shown. The judgment of nonsuit is

Affirmed.