J. A. ROGERSON v. A. B. HONTZ, TRADING AS SOUTHERN ROLLER, STAVE AND HANDLE COMPANY.

(Filed 12 September, 1917.)

**Master and Servant — Negligence—Ordinary Tools — Defects — Inspection Trials—Evidence—Nonsuit.**

The rule relieving an employer from liability for a personal injury caused by a defective implement of an ordinary kind to be used in an ordinary way, furnished by him to his employee for the work required of him, has no application when he knew, or should have known, of the defects by reasonable inspection, and that its use threatened substantial injury; and where an employer furnished an inexperienced employee a defective cant hook, under his protest, to unload heavy logs from a flat car, and the employee was injured shortly thereafter by reason of the breaking of the implement which he had been instructed to use, a judgment of nonsuit is improperly granted, and the issue of defendant's actionable negligence is for the determination of the jury.

BROWN, J., concurring.

CIVIL ACTION tried before his Honor, *M. H. Justice, judge,* and a jury, at June Special Term, 1917, of the Superior Court of PASQUOTANK.

The action was to recover damages for physical injuries received by plaintiff, an employee of defendant, while engaged in loading logs onto

cars and by reason of alleged negligence of defendant in not supplying plaintiff with a cant hook fit and proper for the purpose.

At the close of plaintiff's evidence, on motion, there was judgment of nonsuit, and plaintiff excepted and appealed.

*E. L. Sawyer and J. B. Leigh for plaintiff.*
*Meekins & McMullan for defendant.*

Hoke, J. The testimony introduced by plaintiff tending to support his claim is set forth in the record as follows:

"Plaintiff testified that he thought Evans knew more about the cant hook than he did and went to work with it because Evans said it was all right. Plaintiff had been working there a week or two and had worked very little with cant hooks and did not know much about them. About half an hour after he began work unloading logs, where Evans had directed him to work, that in rolling a log from the flat car the handle of the cant hook broke and threw him off the flat car about five or six feet, and he fell backward, head first, and hit his shoulder on the end of a log and sustained serious and painful injury; that he was confined to his home several days on account of the injury; that it was very painful, and that he has not been able to do any heavy work since; that if he worked with the injured side during the day it pained him so he could not sleep at night, and that this condition continues to the present time.

"Percy Davis, witness for plaintiff, testified: That plaintiff and he went to foreman Evans for orders, and that foreman put them to work unloading logs from flat car; that said foreman handed each of them a cant hook, and that plaintiff said the cant hooks were not worth a cuss, and that Evans said go on, the cant hooks would hold more than he could pull; that he saw no other cant hooks on the premises other than the two he and plaintiff had; that in a short time after they began to roll logs off the car the handle of plaintiff's cant hook broke and he fell backwards off the flat car, and the back of his shoulder hit the end of a log; that he fell some five or six feet; that he laid on ground some five minutes before he got up. When he went off he was holding his arm, and his actions indicated that he was suffering great pain."

Considering this evidence as correctly portraying the facts of the occurrence, and we are required so to consider it on a judgment of this character, we are of opinion that the order of nonsuit is erroneous, and the cause must be referred to the jury.

In the recent case of *Wright v. Thompson,* 171 N. C., 88, while recognizing the position that the rule requiring an employer of labor, in the exercise of reasonable care, to provide his employees with a safe

place to work and furnish him tools safe and suitable for the purpose, was not "so insistent in the case of ordinary every-day tools and ordinary every-day conditions requiring no special care, preparation or provision," the Court held that an employer was not relieved of all obligation and responsibility in reference to such tools, and further, that when there was negligence in supplying tools of that character or keeping them in order, and the defect was of a kind that reasonably imported menace of substantial physical injury, and the same was known to the employer, or if it should have been ascertained by him under the rules of inspection applicable to such cases, and having due regard to the nature of the defect and the use to which it was being put and all the attendant circumstances, liability might attach.

In the case referred to, the employee, engaged in holding a steel drift-pin while another struck it with a sledge hammer, had his eye put out by a chip of steel flying from the head of the pin. The end was burred, or frayed, and its condition had been called to the attention of the boss, or vice-principal, and had been in that threatening condition for near three months. To use such a pin in that way was likely to bring about just the injury that occurred, and though the tool was a simple one, a drift-pin 15 inches long, tapering from seven-eighths to a half inch, a judgment of nonsuit was reversed and the cause referred to the jury. The ruling, we think, is grounded in right reason and was made as the correct deduction from numerous decisions of our Court in which the question had been considered and passed upon. *Mincey v. R. R.*, 161 N. C., 467-471; *Young v. Fiber Co.*, 159 N. C., 375; *Reid v. Rees*, 155 N. C., 230; *Mercer v. R. R.*, 154 N. C., 399; *Cotton v. R. R.*, 149 N. C., 227.

On the facts as now presented, the evidence tends to show that this cant hook was an implement suitable to the work and which the employer should supply; that while simple in itself, it was designed, by leverage, to give the workman more power; that he was engaged in loading and unloading heavy logs from cars, rough work and where he was frequently liable to be in position that, if the hook slipped its hold or the handle broke, severe injuries were not improbable, and, applying the principles of the cases referred to and others of like import, the issue must be referred to the jury on the question whether the tool was defective; was such defect known to the employer, and was it of a kind which threatened substantial injury in its use.

The case of *Morris v. R. R.*, 171 N. C., 533, to which we were referred by counsel, is not in conflict with our present decision. In that case a nonsuit was sustained on facts tending to show that claimant received a severe sprain in the back because a hammer with which he was driving spikes into cross-ties had slipped from the head of the spike as the blow

ROGERSON *v.* HONTZ.

was struck. There was also evidence that the hammer had been slick and the employer had promised a new one. The decision was made to rest on the position that, in work of that kind, the mere fact that a hammer had become slick did not import menace of physical injury, and the occurrence should be fairly regarded as an accident.

. Speaking to the two cases of *Wright* and *Morris,* the *Chief Justice* tersely. points out the distinction as follows: "In *Wright's case* we set aside the nonsuit because it was shown that the drift-pin furnished the plaintiff had been broken off and had remained so at least thirty days, and that the plaintiff had notified the foreman of its defective condition. Injury might reasonably have been expected from such cause. That was certainly a very different case from the present. Here the tool was a hammer, and it could not be anticipated that on striking the spike to drive it into the cross-tie the hammer would slip, nor that by its going two inches further the plaintiff's back would be sprained," and held that the *Morris case* came within the principle as illustrated and applied in *House v. R. R.,* 152 N. C., 398; *Brookshire v. Elec. Co.,* 152 N. C., 669; *Dunn v. R. R.,* 151 N. C., 313, and that class of decisions.

There is error, and this will be certified that the proper issues be submitted to the jury.

Error.

BROWN, J., concurring: It would seem that under the decisions of this Court cant hooks should be classified among the minor tools in ordinary and every-day use, the regular inspection of which is not required of the master, and for defects in which he is generally exempt from responsibility. But it appears in the evidence that this particular cant hook, the breaking of which caused the injury, was to be used in at best a rather dangerous business, the unloading of large logs from a car, an operation in which the safety of the laborer is to a considerable extent dependent upon the strength of the utensil.

The plaintiff knew this, and of course the foreman knew it. When given the cant hook by the foreman, the plaintiff protested that it was defective and unfit for rolling logs off the car. The foreman assured him that it was strong and would hold more than he could pull. The plaintiff relied upon such assurance, and was injured in consequence.

For these reasons, I think the Court erred in. sustaining the motion to nonsuit.