ROBERT W. McKINNEY v. T. T. ADAMS AND J. B. ADAMS, TRADING AS T. T. ADAMS COMPANY.

(Filed 20 December, 1922.)

1. **Employer and Employee—Master and Servant—Safe Appliances—Duty of Master—Ordinary Tools—Reasonable Care of Selection—Negligence.**

   The principle requiring an employer, in the exercise of reasonable care, to furnish to his employees a safe place to work, and provide them with implements, tools, and appliances suitable to the work in which they are engaged, applies to simple or ordinary tools where the defect is readily observed, and of a kind importing menace of substantial injury, having due regard to the nature of the work and the manner of doing it, and the employer should have known of the defect, or discovered it under the duty of inspection ordinarily incumbent upon him in tools of this character, and the injury complained of occurred without having afforded the employee an opportunity of remedying the defect.

2. **Same—Evidence—Nonsuit—Questions for Jury—Trials.**

   The plaintiff, an employee of the defendant, was furnished by the defendant's foreman, to trim limbs from logs, in the course of his employment, an axe with a split handle that made "a limber, switchy handle," with which one could not strike true, the foreman telling the plaintiff during his work to be careful, that the axe was sharp, and he might cut his foot, which a little later he did, without having an opportunity to remedy the defect, and caused substantial damage, the subject of the action, the axe having glanced from a small dead snag on a limb he was trimming by reason of the limber handle: *Held,* sufficient evidence of actionable negligence, and defendant's motion as of nonsuit was properly overruled.

APPEAL by defendant from *Calvert, J.,* at July Term, 1922, of McDOWELL.

There were allegations with evidence on part of plaintiff tending to show that on 22 September, 1919, plaintiff was employed for defendant company by one James Boyd, vice principal and foreman of said company, and sent into the woods on the Blue Ridge Mountains to nose and knot logs and drive grabs into said logs and load the teams, etc., in the woods, some distance from defendant's camp. That for purposes of doing the work, said foreman himself gave defendant an axe with a defective handle. Speaking to the condition of said axe, as in connection with the work, plaintiff testified: "We had to nose and trim the logs so they would not drag on the ground, trimmed off the front end. To do this I was required to use an axe, and the one I was given to work with was a good axe only it had a defective handle. The handle was bursted from the eye of the axe, to the best of my knowledge, 12 inches up the handle, about one-third of the handle being gone. It looked like the split part had been trimmed out with a knife or axe, and that made it a limber, switchy handle, and when you struck with it it did not strike true." Witness further said that Boyd, about five o'clock in the afternoon, came out and sharpened the axe, telling witness to be careful, that the axe was sharp and he might cut his foot. That a little later, as plaintiff was knotting a log, the axe glanced from a small dead snag on a limb overhead and by reason of having this limber handle it was deflected and struck plaintiff's foot, inflicting a painful and permanent injury. There was other supporting evidence as to the defective condition of the axe handle and the severity of the injury. There was no evidence offered by defendant.

On issues raised by the pleadings, the jury rendered the following verdict:

"1. Was plaintiff injured by the defendant's negligence, as alleged in the complaint? Answer: 'Yes.'

"2. Did plaintiff, by his own negligence, contribute to his injury, as alleged in the answer? Answer: 'No.'

"3. Did plaintiff assume the risk of injury, as alleged in the answer? Answer: 'No.'

"4. What damage, if any, has plaintiff sustained, as alleged in the complaint? Answer: '$1,000.' "

Judgment for plaintiff. Appeal by defendant, assigning for error chiefly the refusal to allow his motion for nonsuit.

*Hudgins, Watson & Washburn for plaintiff.*
*Pless, Winborne & Pless for defendant.*

HOKE, J. In *Thompson v. Oil Co.,* 177 N. C., 279-282, the Court, in the opinion, speaking to the question chiefly presented, said: "It is the

accepted principle in this State that an employer of labor, in the exercise of reasonable care, is required to furnish his employees a safe place to work and provide them with implements, tools, and appliances suitable for the work in which they are engaged. *Kiger v. Scales Co.,* 162 N. C., 133; *Mincey v. R. R.,* 161 N. C., 467; *Reid v. Rees,* 155 N. C., 231; *Hicks v. Mfg. Co.,* 138 N. C., 319. And it has been repeatedly held that the position may be recognized in the case of simple, ordinary tools, where the defect 'is of a kind importing menace of substantial injury, having due regard to the nature of the work and the manner of doing it, and it is further shown that the employer knew of such defect or should have found it out under the duty of inspection ordinarily incumbent upon him in tools of that kind,' etc. *King v. R. R.,* 174 N. C., 39; *Rogerson v. Hontz,* 174 N. C., 27; *Wright v. Thompson,* 171 N. C., 88; *Reid v. Rees,* 155 N. C., 231; *Mercer v. R. R.,* 154 N. C., 399."

And in further illustration of the principles pertinent, in *Rodgerson v. Hontz, supra,* a recovery was allowed for injuries caused by a defective cant-hook, negligently furnished an employee for use in loading and unloading heavy logs, being loaded on a train car, and speaking to the obligation of an employer of labor, in reference to simple tools, the Court stated the approved position as follows: "That an employer was not relieved of all obligation and responsibility in reference to such tools; and further, that when there was negligence in supplying tools of that character, or keeping them in order, and the defect was of a kind that reasonably imported menace of substantial physical injury, and the same was known to the employer, or if it should have been ascertained by him under the rules of inspection applicable to such cases, and having due regard to the nature of the defect and the use to which it was being put and all the attendant circumstances, liability might attach."

In this statement it appears as an essential element of liability "that in case of ordinary every-day tools the defect complained of must be one that imports menace of substantial injury." And accordingly, in *Morris v. R. R.,* 171 N. C., 533, recovery was denied when a hammer used in driving railroad spikes into cross-ties had worn slick and an employee having taken an unusual and awkward position with one foot on a pile of dirt, the hammer slipped from the head of a spike, whereby he was jerked down and injured. The Court being of opinion that in the ordinary use of such a tool, no such injury could have been reasonably expected, and therefore the injury should be properly classed as an accident.

Again, in reference to these tools, it held that an employer of labor is not held to same careful inspection as in more complicated and

threatening implements, and may ordinarily rely upon the employee to discover defects observable in their use, and at times to correct them himself. And applying the principle in *Winborne v. Cooperage Co.,* 178 N. C., 88, where an employee sent to take down some old box cars some miles out on a logging road, and there found an old axe, which he in part used in the work, the axe being ill-fitted, or not having been used in some time, flew off the handle and the employee was injured, held that there was no breach of duty shown, the defect being in that the employee should have discovered for himself and remedied it. But in our opinion neither of the limitations on liability suggested in these cases may avail the defendant on the facts of this record, where the axe, with this open and observable defect, a limber, switchy handle, is personally given to the employee by defendant's foreman and vice principal, and he is sent off into the woods to trim logs, and with no opportunity to fix it. There is here no question of proper inspection. The foreman must have known it, nor to one who has ever tried it can there be any doubt as to the menace of substantial injury.

In our opinion the facts establish a clear breach of duty, causing the injury, and the motion for nonsuit was properly overruled.

No error.