JOHN R. BRYANT v. THE WELCH FURNITURE COMPANY.

(Filed 14 November, 1923.)

1. **Negligence—Damages—Employer and Employee—Safe Appliances—Duty of Employer—Evidence—Simple Tools.**

   A machine furnished by an employer to his employee for him to do his work in the course of his employment, though simple in its construction and operation, does not relieve him of liability for an injury received by the employee in doing his work with this implement, when the employer knew, or by due inspection or otherwise should have known, of a defect therein, importing serious menace, which caused the injury in suit, without means or opportunity afforded the employee to remedy the defect or condition that proximately caused the injury which occurred without contributory fault on his part.

2. **Same—Questions for Jury—Trials.**

   Where a furniture manufacturing company has furnished its employee a certain implement, called a "case clamp," detached from the power-driven machinery, for the crating of its products for shipment, the operation of which was by the working of a lever from perpendicular in the arc of a circle, pressing down from right angle, and there is evidence tending to show that this machine was old and worn, and defective in part, and would unexpectedly fly upward from right angle instead of downward, as it was designed to do, and serious injury was done to the employee's eye on the occasion complained of, by its flying upward from right angle, and that this undesired movement had been theretofore called to the attention of the company's vice-principal, or should have been known to it upon proper inspection: *Held*, sufficient for the determination of the jury upon the issue of the defendant's actionable negligence.

3. **Appeal and Error — Negligence — Indemnity — Evidence — Harmless Error.**

   While it is ordinarily error in a personal-injury action for damages to introduce evidence, or comment, in the presence of the jury, upon the fact that the defendant held a policy of indemnity against loss for the injury, it is not erroneous for the plaintiff's attorney, in good faith, to cross-examine the defendant's witness, upon a material phase of the case, as to

BRYANT *v.* FURNITURE CO.

a conversation he had had with the "insurance agent," without reference to the fact of indemnity, or insinuating it, to defendant's prejudice, and it appears that it could not reasonably have impressed the jury, under the circumstances, to the appellants' prejudice.

APPEAL by defendant from *Shaw, J.,* at August Term, 1923, of GUILFORD.

.Civil action. Plaintiff is seeking to recover damages for personal injuries alleged to have been caused by the negligence of the defendant. There were facts in evidence on part of plaintiff tending to show that in January, 1922, as employee of the defendant company, he was engaged in operating a "case clamp," a piece of detached machinery designed to hold newly made furniture in place while being securely nailed, etc. It was in the shape of an oblong, box-like structure, open at one end, into which a newly made piece of furniture is placed, then clamped, from, or with the sides of the machine forced up against the furniture, the motive power being applied and controlled through a lever fixed on the right side as approached. When being used this lever is pulled by the operator from the top towards the bottom of a semi-circle, and when in proper fix, until it reaches the center, has a tendency to fly back towards the top, and after passing the center the pressure is downward, tending to hold it in position. There is a smaller box attached to the side, holding the nails, etc., and when the lever has been pushed down, and the piece of furniture therein securely held, the workman drives the required nails, getting them usually from the little box fastened for the purpose on the outside. That this machine had been long in use, was old and worn, and a piece of the mechanism affecting the movement of the lever had been broken, and there was evidence permitting the inference that, owing to its worn condition and the break as stated, the lever would sometimes after passing the center fly up instead of down, thereby making its movement eccentric and uncertain. Plaintiff said that once or twice before it had done so with him, once striking him on the chin, but causing no serious harm. Two or three other witnesses said that some time back, in working this machine, it flew up after passing the center, and one said that he had called the attention of the superintendent to this unusual and threatening action of the machine. That on the occasion in question plaintiff had placed a piece of furniture in the case clamp, and had pulled the lever below the center and down to its proper position, and as he bent over to get some nails from the small box the lever flew up, striking him in the eye, causing a severe and painful wound and putting the eye entirely out, etc.

There was much evidence on the part of defendant tending to show that the machine was in good order and working properly. That it

was a machine very simple in its operation and by its very structure, after passing the center, the lever was forced downwards instead of up. That no amount of wear could affect this movement, and that the break referred to by plaintiff's witnesses, even if it existed, which all of defendant's witnesses denied, would in no way interfere with this, the usual movement of the machine, though it might render it useless and ineffective for any purpose.

On issues submitted, the jury rendered their verdict that plaintiff was injured by defendant's negligence as claimed; that there was no contributory negligence on part of plaintiff, and assessed the damages $5,000. Judgment on the verdict, and defendant excepted and appealed, assigning errors.

*York & York and John A. Barringer for plaintiff.*
*Peacock & Dalton and King, Sapp & King for defendant.*

HOKE, J. It is contended for appellant that the motion for nonsuit should have been allowed for the reason chiefly that the machine in question being simple of structure and operated by plaintiff himself, no negligence can be imputed to defendant company, but in our opinion and on the facts presented the objection cannot be sustained. While the duties incumbent on employers in the exercise of reasonable care, to supply tools and appliances reasonably safe and suitable for the work, are not as exigent in regard to simple tools and appliances as in other cases, they are not relieved of any and all obligation in the matter, and our decisions hold that where a faulty tool has been knowingly supplied by the employer or in violation of the ordinary inspection due in such instances, and the defect is one that imports menace of substantial injuries, there are conditions and instances where liability may attach.

In the recent case of *McKinney v. Adams,* 184 N. C., 562, it was held: "The principle requiring an employer, in the exercise of reasonable care, to furnish to his employees a safe place to work, and provide them with implements, tools, and appliances suitable to the work in which they are engaged, applies to simple or ordinary tools where the defect is readily observed, and of a kind importing menace of substantial injury, having due regard to the nature of the work and the manner of doing it, and the employer should have known of the defect, or discovered it under the duty of inspection ordinarily incumbent upon him in tools of this character, and the injury complained of occurred without having afforded the employee an opportunity of remedying the defect."

And *King v. R. R.,* 174 N. C., 39; *Rogerson v. Hontz,* 174 N. C., 27; *Wright v. Thompson,* 171 N. C., 88; *Reid v. Rees,* 155 N. C., 231; *Mercer v. R. R.,* 154 N. C., 399, are cited in support of the position.

In the *McKinney case, supra,* the foreman of defendant, shown to be a vice-principal, as the plaintiff, the employee, was starting out to trim off logs in the woods, gave to such employee an axe with a "switchy, limber" handle, where the employee had neither time nor opportunity to supply or remedy the defect, and in using the axe in the work the employee received a severe injury, and it was held, as stated, that the question of liability was for the jury.

And the same ruling was made in *Rogerson v. Hontz, supra,* the tool being a defective cant hook supplied to employee engaged in loading and unloading logs, and by reason of the defect complained of the hook slipped its hold and severe injuries were received. Speaking to the question presented in that case, the Court said: "On the facts as now presented the evidence tends to show that this cant hook was an implement suitable to the work and which the employer should supply; that while simple in itself, it was designed, by leverage, to give the workman more power; that he was engaged in loading and unloading heavy logs from cars, rough work and where he was frequently liable to be in position that, if the hook slipped its hold or the handle broke, severe injuries were not improbable, and, applying the principles of the cases referred to and others of like import, the issue must be referred to the jury on the question whether the tool was defective; was such defect known to the employer, and was it of a kind which threatened substantial injury in its use."

Accepting the evidence of plaintiff as true, and interpreting the same in the light most favorable to him, the established rule in motions of this character, it appears that this was an old and much-worn machine, with a break in the mechanism; that under the conditions presented there was menace of substantial injury to employee in its use, and under the authorities cited and the principles upon which they rest, the question of liability was for the jury, and defendant's motion for nonsuit was properly overruled.

Defendant excepts further that in the cross-examination of W. T. Powell, president of defendant company, plaintiff was erroneously allowed to put before the jury evidence to the effect that the company held indemnity insurance against this alleged claim. The witness having stated that the machine worked properly and so far as witness knew had only been operated twelve years, in the cross-examination the following questions and answers were allowed and excepted to:

"Mr. C. E. Ridge is our superintendent. That machine was in the Welch Furniture Company when I came there, twelve years ago.

"Q. I ask you if you don't know it had been there 22 years in operation? A. No, sir; it was there when I came there, 12 years ago. I don't know when it was installed.

"Q. I ask you if you didn't tell the insurance man that in the presence of the plaintiff? (Objection by defendant; overruled; exception.) A. I don't remember ever telling him that.

"Q. I am asking you whether you ever told the insurance agent that this machine that the plaintiff was hurt on had been there 22 years in operation? A. I don't remember ever telling the insurance agent anything like that.

"Q. You might have told him? A. I don't remember ever telling him.

"Q. You don't remember whether you did or not? A. I don't remember anything about it."

It has been held in this State that in a trial of this kind the fact that a defendant company charged with negligent injury held a policy of indemnity insurance against such a liability is ordinarily not competent, and when received as an independent circumstance relevant to the issues, it may be held for prejudicial error. And if brought out in the hearing of the jury by general questions asked in bad faith and for the purpose of evasion, it may likewise be held for error. On the contrary, if an attorney has reason to believe that a juror, tendered or on the panel, has pecuniary or business connection naturally enlisting his interest in behalf of such a company, it is both the right and duty of the attorney in the protection of his client's rights to bring out the facts as the basis for a proper challenge, or if in the course of the trial it reasonably appears that a witness has such an interest that it would legally affect the value of his testimony, this may be properly developed, and where such a fact is brought out merely as an incident, on cross-examination or otherwise, it will not always or necessarily constitute reversible error when it appears from a full consideration of the pertinent facts that no prejudicial effect has been wrought. *Holt v. Mfg. Co.,* 177 N. C., 170; *Featherstone v. Cotton Mills,* 159 N. C., 429; *Lytton v. Mfg. Co.,* 157 N. C., 331; *Norris v. Mills,* 154 N. C., 474.

In the present case it is clear that the attorney for plaintiff, having asked the question generally, was endeavoring in good faith to impress the witness with the time and place of an adverse declaration by him, and referred to a conversation with some "insurance man" in the effort to recall the matter to the memory of the witness. In the entire series of cross-questions he never describes or refers to the person in question as the agent of an indemnity company, nor is there anything to show that such an impression was made upon the jury, or that it had in any way affected the results of the trial.

On careful consideration of the record we find no reversible error, and the judgment for plaintiff will be affirmed.

No error.