## LESTER MATTHEWS v. BLACKWOOD LUMBER COMPANY.

(Filed 14 June, 1933.)

**Trial E c—Instruction in this case held sufficiently full in view of the simplicity of the case.**

The failure of the trial court to define and explain the terms "proximate cause," "burden of proof," "greater weight of the evidence" in his charge to the jury in an action against an employer for negligent injury, will not be held for error where the simplicity of the case renders such explana-

MILLS *v.* MILLS.

tions unnecessary and it is apparent that the jury could not have misunderstood the meaning of the expressions used when applied to the evidence.

APPEAL by defendant from *Hill, Special Judge,* at February Term, 1933, of JACKSON.

Civil action by servant to recover damages from master for alleged negligent injury, tried upon issues of negligence, contributory negligence, assumption of risk, and damages, which resulted in a verdict and judgment for plaintiff.

Defendant appeals, assigning errors.

*W. R. Sherrill and Jones & Ward for plaintiff.*
*Johnston & Horner for defendant.*

STACY, C. J. The validity of the trial is assailed upon the ground that the judge, in charging the jury, used the technical expressions "proximate cause," "burden of proof," "greater weight of the evidence," without explaining their meaning in language which the jury could understand.

The case is a very simple one, both as to the law and the facts. The plaintiff was a woods "swamper," cutting tree laps and brush in the Balsam Mountains. He was given an ax with a defective, switchy handle, which caused him to strike a limb and cut himself. *McKinney v. Adams,* 184 N. C., 562, 114 S. E., 817; *Mercer v. R. R.,* 154 N. C., 399, 70 S. E., 742.

The simplicity of the case rendered the use of the ordinary formula in charging the jury, without further explanation, certainly harmless, if not unnecessary. *Fleming v. Utilities Co.,* 193 N. C., 262, 136 S. E., 723; *S. v. Steadman,* 200 N. C., 768, 158 S. E., 478. The jury could not have misunderstood the meaning of the expressions used, when applied to the evidence.

No error.