G. W. LEE v. D. M. ROBERSON.

(Filed 24 September, 1941.)

1. **Master and Servant §§ 19, 37—**

Where it is admitted that defendant employer had a sufficient number of employees to bring him under the Workmen's Compensation Act, but that he had elected not to do so, the defense of contributory negligence is properly excluded.  Michie's Code, 8081 (v).

2. **Master and Servant § 14b—**

Plaintiff was injured when his hand came into contact with blades of an electric sausage grinder he was operating in the course of his employment.  Plaintiff's evidence was to the effect that he had had no previous experience with an electric machine and that he was not furnished a mallet with which to push the meat through if the meat did not feed through by itself.  *Held:* The evidence, though contradicted by defendant's evidence, precludes a nonsuit upon the simple tool doctrine relied on by defendant.

BARNHILL, J., dissents.

LEE *v.* ROBERSON.

APPEAL by defendant from *Johnston, Special Judge,* at April Special Term, 1941, of MARTIN.

Civil action to recover damages for an alleged negligent injury.

Plaintiff was employed by the defendant as a handy man around his slaughter house. On the fourth day of his employment he was grinding sausage when his left hand came in contact with the blades of the electric sausage grinder and cut off four fingers. Plaintiff had had no previous experience with an electric machine, though he had used one on the farm operated by hand. "You could stop the one on the farm if you had your hand in it." If the meat did not feed through by itself a mallet was used to push it down. Plaintiff testifies that he was furnished no mallet and given no instructions as to how to operate the machine; that he was not familiar with a machine driven by electricity.

The defendant's evidence tends to show that plaintiff was warned not to use his hand in pushing the meat into the grinder; that it was dangerous to do so, and that a mallet had been furnished for that purpose.

There was a verdict and judgment for plaintiff, from which the defendant appeals, assigning errors.

*Hugh G. Horton for plaintiff, appellee.*

*Peel & Manning, Clarence W. Griffin, and Wheeler Martin for defendant, appellant.*

STACY, C. J. The case was properly submitted to the jury. It is admitted that the defendant had a sufficient number of employees to bring him under the Workmen's Compensation Act "and that he had not done so." Accordingly, without objection or exception, his plea of contributory negligence was stricken out. Michie's N. C. Code of 1939, sec. 8081 (v).

The defendant relies upon the simple tool doctrine. *Newbern v. Great Atlantic, Etc., Tea Co.,* 68 F. (2d), 523, 91 A. L. R., 781. This cannot avail him on the present record, at least, not to the extent of shielding him from liability. *King v. R. R.,* 174 N. C., 39, 93 S. E., 378; *Wright v. Thompson,* 171 N. C., 88, 87 S. E., 963; *Ensley v. Lumber Co.,* 165 N. C., 687, 81 S. E., 1010; *Reid v. Rees,* 155 N. C., 231, 71 S. E., 315; *Mercer v. R. R.,* 154 N. C., 399, 70 S. E., 742. It is true, the jury might have returned a verdict for the defendant, especially in view of the cross-examination of the plaintiff, but the evidence taken as a whole is such as to preclude a nonsuit.

No other question is debated on brief. The verdict and judgment will be upheld.

No error.

BARNHILL, J., dissents.