CALLIE KING v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 12 September, 1917.)

**Master and Servant—Negligence—Ordinary Tools—Defects—Duty of Master—Employer and Employee.**

When plaintiff has been employed as fireman for the defendant's stationary engine, with duty to keep the fire going, shake the grate, etc., to which latter a rod or bar was attached on which was an iron "spigot," or peg, which worked through a slot on a detached bar of iron 3 feet long, used as a handle for the purpose of shaking the grate beneath the boiler; and there is evidence that this spigot had been broken off or bent so that the regular handle or bar would not fit; that the plaintiff's boss furnished him and required him to do this work with an iron bar taken from the engine 3½ feet long, weighing 10 or 15 pounds, with a slot too large for the spigot, giving it play, making its use dangerous for the purpose, and the plaintiff was injured in consequence of its slipping from the spigot, and that the boss had previously been warned of the danger in its use, and had failed in his promise to make it safe: *Held*, the principle that the employer is not held responsible for defects of ordinary tools to be used in the ordinary way has no application, and the evidence presents the issue of actionable negligence for the determination of the jury. See *Rogerson v. Hontz, ante,* 27.

CIVIL ACTION to recover for physical injuries caused by alleged negligence on the part of defendant, tried before his Honor *H. W. Whedbee, J.,* and a jury, at June Term, 1917, of EDGECOMBE.

At the close of plaintiff's evidence, on motion, there was judgment of nonsuit, and plaintiff excepted and appealed.

*J. W. Keel and W. O. Howard for plaintiff.*
*John L. Bridgers for defendant.*

HOKE, J. In *Rodgerson v. Hontz,* at the present term, the Court has held, in approving the decision of *Wright v. Thompson,* 171 N. C., 88, and other cases, that where an employee was injured by reason of defective tools supplied him, the employer was not necessarily relieved of all responsibility merely because the tools were of simple structure, but in case there was negligent default in the respects suggested on the part of the employer, and the defect was of a kind importing menace of substantial injury, having due regard to the nature of the work and the manner of doing it; and it was further shown that the employer knew of such defect, or should have found it out under the duty of inspection ordinarily incumbent upon him, in such cases, that under certain conditions liability might attach.

In the present case, there was evidence on the part of plaintiff tending to show that in February, 1913, plaintiff was an employee of de-

fendant as fireman of a stationary engine in the shops of defendant at Rocky Mount, N. C., his duties being to keep his fires going and his grate clean—"to shake the grate." To do this, there was a rod or bar attached to the grate under the boiler, and on this was an iron "spigot," or peg, about 11 inches long, the size of two fingers. There was also a detached bar of iron about 3 feet long with a slot in it, designed to fit over the spigot and make a handle by which the fireman moved the grate back and forth when it needed cleaning; that this spigot had been in part broken off and bent, so that the regular bar would not fit over it at all, and on the evening in question and at one or two other times, plaintiff's boss had gotten a bar from an engine, which was 3½ feet long, weighing 10 or 15 pounds, and directed plaintiff to clean the grate with that; that the slot in this engine bar was too large for the spigot, or peg, giving it some play or slack as it was being used, and it was dangerous to operate; that witness had told the boss that there was danger in the conditions presented and some one was going to get hurt, and the boss had promised to have it fixed; that at the time of the occurrence, as plaintiff was pulling the bar with great force in the effort to clean the grate, that owing to this slack or misfit on the slot, it slipped off the end, striking the plaintiff in the stomach, causing serious and painful injuries; that he was in the hospital two months, hernia developed as a result, and witness still suffered and was incapacitated for heavy labor.

Another witness, Mr. Braswell, boss of plaintiff, testified, among other things, that ordinarily the regular iron bar or handle fitted tight over the spigot, or peg, but this last had been broken or bent for several days so it could not be used, and so they got one off an engine; that this last was too large for the spigot and witness had seen it slip off several times before, and one of the firemen had gotten his knee hurt by it; that witness had reported the condition to the shop boss and he had promised to have it fixed.

While ordinary work of this character might not import such danger or threat of injury as to permit an inference of actionable negligence on the part of an employer, we think that the size and weight of the bar and grate in this instance and the defect complained of, together with the positive evidence of danger in operating the grate under conditions described, present a case requiring that the question of responsibility be submitted to the jury on appropriate issues, and to that end the order of nonsuit be set aside.

Error.